A-S-P ASSOCIATES v. CITY OF RALEIGH

No. 7710SC972

(Filed 17 October 1978)

1. **Rules of Civil Procedure § 56.5— summary judgment—findings of fact**

Upon entry of summary judgment, the trial court should not make findings of fact, which are decisions upon conflicting evidence, but may list the undisputed material facts which are the basis of its conclusions of law and judgment.

2. **Municipal Corporations § 30.4— zoning ordinance—determination of validity**

Where the most that can be said against a zoning ordinance is that whether it is unreasonable, arbitrary or discriminatory is fairly debatable, the courts will not interfere and will not substitute their judgment for that of the legislative body possessed of the primary responsibility for determining whether an act is in the interest of the public health, safety, morals or general welfare.

3. **Municipal Corporations § 30.9— spot zoning**

A zoning ordinance or amendment which singles out and reclassifies a single lot or a few lots adjacent to a larger area uniformly zoned, so as to impose upon such lots greater restrictions than those imposed upon the larger area, or so as to relieve them from restrictions to which the rest of the area is subjected, constitutes "spot zoning" and is beyond the authority of a municipality in the absence of a clear showing of a reasonable basis for such distinction.

4. **Municipal Corporations § 8; Statutes § 5.1— legislative intent—statements of member of legislative body**

Although courts may consider the circumstances surrounding the adoption of a statute or ordinance in determining the evil sought to be remedied, it is not permissible to prove the intent of a legislative body by statements of one of its members.

5. **Municipal Corporations § 30.9— ordinance creating historic district—spot zoning—issue of material fact**

In a declaratory judgment action contesting the validity of an ordinance of the City of Raleigh creating the "Oakwood Historic District," a genuine issue of material fact was presented as to whether the ordinance constituted unlawful "spot zoning" where plaintiff made a prima facie showing of spot zoning by introducing evidence that its lot and two others zoned office and institutional were included within the historic district while other similar lots in the area were not so included, and where defendant city failed to make a clear showing of a reasonable basis for such distinction.

6. **Municipal Corporations § 30.9— ordinance creating historic district—comprehensive zoning plan—issue of fact**

In a declaratory judgment action contesting the validity of a city ordinance creating a historic district, the trial court erred in entering summary

judgment for defendant city where the city's evidence was self-contradictory as to whether the city had at all times maintained a comprehensive plan for zoning and whether the inclusion of plaintiff's property in the historic district was in accordance with such plan.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 30 June 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 29 August 1978.

This is an action by which the plaintiff, A-S-P Associates, seeks a declaratory judgment holding unlawful two ordinances of the City of Raleigh creating the "Oakwood Historic District" and establishing certain guidelines and regulations relative thereto. The ordinances creating the historic district and guidelines [hereinafter the "Oakwood Ordinances"] affects plaintiff's property consisting of a vacant lot at 210 North Person Street opposite the Governor's Mansion and within an area previously zoned as an office and institutional district. The Oakwood Ordinances included a large area composed primarily of a residential district, but included a portion of the office and institutional district in which the plaintiff's property is located.

The Oakwood Ordinances did not remove the plaintiff's property from the office and institutional district but, instead, created a district which overlapped with existing zoning districts and "contains and may in the future contain several different residential and commercial zoning district classifications, and all uses permitted in any such district . . . shall be permitted in the Historic District." The Oakwood Ordinances further provide, however, that "if the proposed use involves the construction of or alteration of the exterior portion of any building or structure or appurtenant features thereof, a Certificate of Appropriateness must first be issued as hereinafter set forth." The intent of the Oakwood Ordinances, as stated therein, is "to insure insofar as possible that the exterior portion of buildings, structures and their appurtenant features within an Historic District shall be in harmony with other buildings or structures located therein." The Oakwood Ordinances incorporate by reference various architectural and design requirements to be applied by a Historic District Commission in determining whether to grant applications for such certificates of appropriateness.

The plaintiff contends that the Oakwood Ordinances and the various guidelines and standards pursuant thereto are unlawful. The plaintiff specifically contends *inter alia* that the Oakwood Ordinances are unconstitutional, both facially and as applied to the plaintiff's property. The plaintiff further contends that these ordinances constitute unlawful "spot zoning" and deny it the equal protection of the laws. Additionally, the plaintiff contends the ordinances are based solely on aesthetic considerations and create impermissibly vague guidelines for compliance with their terms and are otherwise unconstitutional or unlawful.

The plaintiff's property, together with three other pieces of property fronting on North Person Street opposite the grounds of the Governor's Mansion, has been included in an office and institutional district since 1961. The four lots within the office and institutional district opposite the grounds of the Governor's Mansion are: (1) a yellow brick veneer building at 204 North Person Street used for office space; (2) the plaintiff's vacant lot at 210 North Person Street; (3) the Mansion Square Inn, a tourist home at 216 North Person Street, built in the nineteenth century; and (4) The State Medical Society Building at 222 North Person Street, a four-story office building of "contemporary architectural design."

The State Medical Society requested that its property, consisting of its building and lot at 222 North Person Street and two other lots, be excluded from the requirements of the Oakwood Ordinances which created the overlapping historic district. The majority of the overlapping historic district created by the Oakwood Ordinances consisted of a large area zoned for residential uses. The City Council excluded The State Medical Society properties from the historic district created by the Oakwood Ordinances. The plaintiff was denied exclusion of its property and instituted this action.

The plaintiff undertook discovery through inspection of documents, the filing of certain interrogatories and taking the depositions of the City Planning Director and the individual responsible for drafting the "Architectural Guidelines for Historic Oakwood." Additionally, the plaintiff moved for summary judgment on its contentions that the Oakwood Ordinances and Article 19, Part 3A, Chapter 160A of the General Statutes, granting the

defendant, the City of Raleigh, the authority to pass such ordinances, are facially unconstitutional and unconstitutional as applied to the plaintiff's property. By its motion, the plaintiff alternatively sought, pursuant to G.S. 1A-1, Rule 16 and Rule 56(d), an order specifying the facts which were without substantial controversy, directing ·trial on other issues and for an order on final pretrial conference. The day prior to the hearing of the plaintiff's motion, the defendant filed and served affidavits opposing the motion. The trial court denied the plaintiff's motion and granted summary judgment for the defendant on all issues. From this judgment, the plaintiff appealed.

*Allen, Steed & Allen, P.A., by Arch T. Allen III, and Noah H. Huffstetler III, for the plaintiff appellant.*

*Raleigh City Attorney's Office, by Ira J. Botvinick, for the defendant appellant.*

MITCHELL, Judge.

The plaintiff assigns as error the action of the trial court in granting summary judgment in favor of the defendant. In support of this assignment, the plaintiff contends that substantial controversies as to material facts exist which precluded the trial court from granting summary judgment in favor of the defendant. We find this assignment meritorious and must, therefore, reverse the summary judgment and remanded the case for further proceedings.

Upon hearing the plaintiff's motion for summary judgment, the trial court entered summary judgment in favor of the defendant. Summary judgment may be granted in favor of a nonmoving party in proper cases. Before entry of summary judgment, however, it must be clearly established by the record before the trial court that there is a lack of any triable issue of fact. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). Any doubt as to the existence of such an issue must be resolved in favor of the party against whom summary judgment is contemplated. *See Miller v. Snipes,* 12 N.C. App. 342, 183 S.E. 2d 270, *cert. denied,* 279 N.C. 619, 184 S.E. 2d 883 (1971). To this end, papers of the party against whom summary judgment is contemplated are indulgently regarded while those of the party to benefit from summary judgment are carefully scrutinized. *Page v. Sloan,* 281 N.C. 697, 190

S.E. 2d 189 (1972); *Freeman v. Development Co.*, 25 N.C. App. 56, 212 S.E. 2d 190 (1975).

[1] In the present case the trial court made numerous "findings of fact" and conclusions of law. Upon entry of summary judgment, the trial court should not make findings of fact, which are decisions upon conflicting evidence, but may list the undisputed material facts which are the basis of its conclusions of law and judgment. *Rodgerson v. Davis*, 27 N.C. App. 173, 218 S.E. 2d 471, *rev. denied*, 288 N.C. 731, 220 S.E. 2d 351 (1975). We assume the trial court here engaged in an unsuccessful effort to list the undisputed material facts and inadvertently referred to "findings of fact."

Having listed the facts it deemed undisputed, the trial court concluded *inter alia* that the defendant did not act arbitrarily or capriciously or deny equal protection of the laws either in adopting the ordinances in question or in their application to the plaintiff's property. The trial court further concluded that the ordinances "do not constitute spot or contract zoning." We think that the pleadings and other papers before the trial court, as set forth in the record on appeal, raise substantial issues of material fact concerning these conclusions making summary judgment for the defendant inappropriate.

[2, 3] Where the most that can be said against a zoning ordinance is that whether it is unreasonable, arbitrary or discriminatory is fairly debatable, the courts will not interfere. Courts will not substitute their judgment for that of the legislative body possessed of the primary responsibility for determining whether an act is in the interest of the public health, safety, morals or general welfare. *Helms v. City of Charlotte*, 255 N.C. 647, 122 S.E. 2d 817, 96 A.L.R. 2d 439 (1961). However, a zoning ordinance or amendment which singles out and reclassifies a single lot or a few lots adjacent to a larger area uniformly zoned, so as to impose upon such lots greater restrictions than those imposed upon the larger area, or so as to relieve them from restrictions to which the rest of the area is subjected, constitutes "spot zoning." *Zopfi v. City of Wilmington*, 273 N.C. 430, 160 S.E. 2d 325 (1968); 82 Am. Jur. 2d, Zoning and Planning, §§ 76, 77 and 78, pp. 514-20; Annot., 37 A.L.R. 2d 1143 (1954). Such "spot zoning" is beyond the authority of a municipality in the absence of a clear

showing of a reasonable basis for such distinction. *Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E. 2d 35, 45 (1972).

Here, the plaintiff's vacant lot at 210 North Person Street, existing structures located in the same block at 204 and 216 North Person Street and The State Medical Society Building at 222 North Person Street were included within an office and institutional zone. The plaintiff's property and the lots at 204 and 216 North Person Street were also included in the overlapping historic district created by the Oakwood Ordinances. Property owned by the State Medical Society, consisting of its building at 222 North Person Street, a vacant lot and a lot on which a residential structure was located were excluded from coverage under the Oakwood Ordinances. It appears, although it is by no means certain from the record on appeal, that the lot with residential structure and the vacant lot, both owned by the Medical Society, are adjacent to its building at 222 North Person Street. Other property zoned for office and institutional use in nearby blocks also appears to have been excluded from the requirements of the Oakwood Ordinances.

[4] The plaintiff, by interrogatories directed to the defendant, sought to have the defendant state reasons for the exclusion of the properties belonging to the State Medical Society from the Oakwood Ordinances. The defendant objected to questions relating to the properties of the State Medical Society as irrelevant and did not answer such questions. On appeal, the defendant contends there is a reasonable basis for its discrimination between the property of the plaintiff and the properties of the State Medical Society. The defendant asserts that, as the record reveals the State Medical Society has recently built a new building on one of its lots and as a part of the cost of construction has provided for the later addition of two more stories to that building, its exclusion from the historic district created by the Oakwood Ordinances was reasonable. In support of this contention, the defendant points to statements made by one of the councilmen present when the ordinances were passed. Although courts may consider the circumstances surrounding the adoption of a statute or ordinance in determining the evil sought to be remedied, it is not permissible in this jurisdiction to prove the intent of a legislative body by statements of one of its members. *Compare Commissioner of Insurance v. Automobile Rate Office*, 293 N.C. 365, 392, 239 S.E. 2d 48, 65 (1977), *with D & W, Inc. v. The City of*

*Charlotte,* 268 N.C. 577, 581, 151 S.E. 2d 241, 244 (1966). The record on appeal does not indicate that the defendant offered any other explanation for its exclusion of the remainder of the properties of the State Medical Society or other properties in nearby blocks from the requirements of the Oakwood Ordinance, while including the plaintiff's lot.

[5] The plaintiff introduced evidence which reveals that his lot and two others have been included within the historic district created by the Oakwood Ordinances, while other similar lots in the area have not. This constituted a prima facie showing of arbitrary and capricious spot zoning. *See* 82 Am. Jur. 2d, Zoning and Planning, §§ 76, 77 and 78, pp. 514-20. Therefore, the defendant City of Raleigh was required to present a clear showing of a reasonable basis for such distinctions in order to prevail. *Blades v. City of Raleigh,* 280 N.C. 531, 549, 187 S.E. 2d 35, 45 (1972). Based upon the record in its present state, we are of the opinion that the defendant has not made such clear showing of a reasonable basis for these distinctions as will support summary judgment in its favor. The defendant City will be afforded a full opportunity to produce such evidence upon remand of this case to the trial court. We, of course, express no opinion as to whether it will be able to produce such evidence at that time.

[6] The plaintiff also contends the trial court erred in concluding for purposes of summary judgment that the defendant had at all times maintained a comprehensive plan for zoning and that the Oakwood Ordinances were made in accordance with that plan. When the evidence before the trial court is carefully scrutinized with all inferences arising therefrom drawn against the defendant for whom summary judgment was entered, it fails to support entry of summary judgment for the defendant. The evidence offered by the defendant on these issues was, at best, self-contradictory. In testifying as to the existence of a comprehensive plan, for example, Mr. A. C. Hall, Jr., Director of Planning for the City of Raleigh, was questioned concerning a document entitled "Greater Raleigh Central Area Plan," which he indicated was a part of the comprehensive plan. He testified that the information contained in the document was essentially correct, but then stated:

> The only statement that was made that I would clarify is the statement made by the drafter of the document that said

"Raleigh has now grown far beyond the original plan; for the most part this development has been without planning and direction". I would just question what is meant by that. The rest of it seems to be all right.

When such testimony is carefully scrutinized and all inferences of fact arising therefrom drawn against the defendant, the testimony presents substantial issues of material fact with regard to the existence *vel non* of a current comprehensive plan for development of the City of Raleigh and its application to the plaintiff's property.

Other evidence for the City with regard to the issue of the existence of a comprehensive plan tended to be self-contradictory. The defendant's evidence allows inferences inconsistent with the existence of a comprehensive plan or the zoning of the plaintiff's property in accordance with such plan. Where, as here, the evidence of the party to be awarded summary judgment is self-contradictory or allows reasonable inferences inconsistent with conclusions necessary to entitle that party to summary judgment, the trial court should not enter summary judgment and should allow the case to proceed to trial. M. Louis, *A Survey of Decisions Under the New North Carolina Rules of Civil Procedure*, 50 N.C.L. Rev. 729 (1972), *quoted in Kidd v. Early*, 289 N.C. 343, 366, 222 S.E. 2d 392, 408 (1976).

In its brief, the plaintiff strongly contends that other substantial questions of material fact prevented the trial court from properly entering summary judgment in favor of the non-moving defendant. As has been pointed out by one authority, prior to entry of summary judgment in favor of a nonmoving party, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law." 10 Wright & Miller, Federal Practice and Procedure: Civil § 2720, p. 471 (1973). Our decision in this case, however, makes a detailed consideration of these additional contentions of the plaintiff unnecessary. We assume that, upon reversal and the remanding of this case for further proceedings, both parties will have full opportunity to present evidence concerning all issues they seek to raise.

For the reasons previously set forth herein, the entry of summary judgment for the defendant is reversed and the cause remanded for further proceedings in accordance with law.

Reversed and remanded.

Judges VAUGHN and MARTIN (Robert M.) concur.