F. KENNETH IVERSON, MARTHA M. IVERSON, MURRAY D. McGARRY, KATHRYN B. McGARRY AND PELLYN WOOD LAKE SITE, INC. v. TM ONE, INC.

No. 8826SC239

(Filed 6 December 1988)

1. **Courts § 9.4— dismissal of complaint—overruling of another judge's summary judgment denial**

    The trial judge's pretrial dismissal of plaintiffs' complaint on the ground that there was no disputed issue of fact for the jury or the court to resolve had the effect of overruling another judge's prior denial of defendant's motion for summary judgment and must be vacated.

2. **Appeal and Error § 6.2— summary judgment denial—nonappealable order**

    The denial of a motion for summary judgment is a nonappealable interlocutory order.

3. **Appeal and Error § 45.1— assignment of error—failure to state each question separately—failure to argue in brief**

    Defendant's assignment of error to the granting of a preliminary injunction is deemed abandoned where defendant failed to set out the question relating to the preliminary injunction separately and did not offer any argument in its brief to support this assignment of error. Appellate Rule 28(b)(5).

4. **Injunctions § 16; Rules of Civil Procedure § 65— preliminary injunction— amount of bond—findings and conclusions required**

    The trial court erred in failing to make findings of fact and conclusions of law, after defendant so requested, on the amount of the bond it required for issuance of a preliminary injunction.

APPEAL by plaintiffs and cross-appeal by defendant from *Snepp (Frank W., Jr.), Judge.* Judgment entered 16 November 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 September 1988.

*Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett and Mark W. Merritt, for plaintiff-appellants.*

*Caudle & Spears, P.A., by Harold C. Spears and Lloyd C. Caudle, for defendant-appellee.*

GREENE, Judge.

In this civil action plaintiffs seek a permanent injunction to prevent defendant's use of certain properties. Superior Court Judge Claude S. Sitton denied defendant's motion for summary judgment and granted plaintiffs' motion for a preliminary injunction. At trial, Superior Court Judge Frank W. Snepp, Jr. dismissed the complaint and dissolved the injunction. Both plaintiffs and defendant appeal.

Plaintiffs, landowners in a subdivision known as Pellyn Wood in Charlotte, brought this action seeking a permanent injunction to prevent the defendant, TM One, Inc. (hereinafter "TM One" or "defendant") from violating an alleged negative easement on property owned by TM One. Specifically, the complaint sought to prevent TM One from constructing a road across a one-foot strip of land between Pellyn Wood and a subdivision being developed by TM One adjacent to Pellyn Wood. Plaintiffs contend the strip of land is encumbered by a negative easement for their benefit and prevents the property from being used as a roadway. The defendant denied that the strip of land in issue was encumbered by an easement.

The defendant filed a motion for summary judgment. The plaintiffs thereafter filed a motion for a preliminary injunction to prevent defendant from building a roadway across the one-foot strip to its new subdivision. The motions were heard by Judge Sitton who on 25 February 1987 granted plaintiffs' motion for preliminary injunction and denied defendant's motion for summary judgment. In the trial court's denial of summary judgment, the court found that "there are genuine issues of material fact that preclude the granting of a motion for summary judgment." In the order granting the preliminary injunction, Judge Sitton set a bond in the amount of $20,000 "to protect the rights of the defendant." On 30 January 1987, prior to the entry of the preliminary injunction, the defendant requested in writing, the trial court make findings of fact as to the amount of the bond. On 25

February 1987, the defendant requested the amount of the bond be increased from $20,000 to $170,000 and again requested the trial court make findings of fact as to the amount of the bond. In support of his request for an increased bond, defendant presented an affidavit averring among other things that defendant "will incur losses over a one-year period of at least $170,830.95." In the alternative, the defendant requested the posting of an additional bond of $14,000 for every month between the issuance of the preliminary injunction and the date of the trial. Judge Sitton denied defendant's request for findings of fact as to the amount of the bond and refused to increase the amount of the bond.

On 9 July 1987, before Judge Snepp, the defendant again moved for an increase in the amount of the bond. Accompanying the motion for the increase in bond was an affidavit averring that the defendant had incurred $81,860.42 in interest expense between the date of issuance of the bond and 1 June 1987, which it was averred constituted "losses which defendant would not have suffered but for the entry of the preliminary injunction." Judge Snepp, on 17 August 1987, denied the motion to increase the bond.

On 2 November 1987, the case came on for trial before Judge Snepp. During a pretrial conference, defendant made a motion *in limine* and contended "there were no facts to be found by the jury in view of the admissions and applicable law." The plaintiffs in their pleadings had requested a jury trial. Without a waiver of the jury trial, the court conducted "a hearing to determine if there was any issue of fact for the jury to consider, and if not, to decide the issues before it as a matter of law." After conducting a hearing in the absence of a jury, and considering "documents and evidence presented, the pleadings, admissions, applicable law and arguments of counsel," the court found certain facts, one of which was that there was "no disputed issue of fact for the jury to consider or for the Court to resolve" and ordered the preliminary injunction be dissolved and the plaintiffs' complaint be dismissed with prejudice. Plaintiffs appeal the dismissal of their complaint and the defendant cross-appeals Judge Sitton's denial of its motion for summary judgment, Judge Sitton's issuance of the preliminary injunction, and the failure of Judge Sitton to make findings of fact and conclusions of law to support the $20,000 injunction bond.

The issues presented are: I) whether the denial of defendant's summary judgment motion by Judge Sitton on 25 February 1987 precluded the dismissal of the complaint by Judge Snepp on 16 November 1987; II) whether Judge Sitton erred in denying defendant's motion for summary judgment; III) whether Judge Sitton erred in granting the preliminary injunction; and IV) whether Judge Sitton erred in failing to make findings of fact, as requested, as to the amount of the injunction bond.

### Plaintiffs' Appeal

### I

[1] The general rule is that one trial judge "may not modify, overrule, or change the judgment of another . . . previously made in the same action." *Smithwick v. Crutchfield,* 87 N.C. App. 374, 376, 361 S.E. 2d 111, 113 (1987) (quoting *Calloway v. Ford Motor Co.,* 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972) ). However, a trial judge has the power to modify or change an interlocutory order "where (1) the order was discretionary, and (2) there has been a change of circumstances." *Stone v. Martin,* 69 N.C. App. 650, 652, 318 S.E. 2d 108, 110 (1984); *see also State v. Duvall,* 304 N.C. 557, 562-63, 284 S.E. 2d 495, 499 (1981) (judge can overrule a denial of a motion for special jury venire, a discretionary motion, previously entered by another judge if *"new* evidence" is presented). Although the denial of a motion for summary judgment is an interlocutory order, it is not a discretionary order so as to give a second judge the power to modify or change it even where there has been a change of circumstances. *Carr v. Great Lakes Carbon Corp.,* 49 N.C. App. 631, 633, 272 S.E. 2d 374, 376 (1980), *disc. rev. denied,* 302 N.C. 217, 276 S.E. 2d 914 (1981) (summary judgment is an issue of law and not of discretion). Thus, one trial judge "may not reconsider and grant a motion for summary judgment previously denied by another judge." *Smithwick,* 87 N.C. App. at 377, 361 S.E. 2d at 113. Here Judge Snepp conducted, at a pretrial conference, a hearing in the absence of the jury to determine whether a material issue of fact existed. This was the issue which had previously been presented to and decided by Judge Sitton. As the same legal issue was presented to both trial judges, it is immaterial that the second judge, Judge Snepp, may have had before him evidence not available to Judge

Sitton. *Carr*, 49 N.C. App. at 634, 272 S.E. 2d at 377; *see also Fleming v. Mann*, 23 N.C. App. 418, 422-23, 209 S.E. 2d 366, 369 (1974) (trial judge has authority to grant defendants' Rule 12(b)(6) motion previously denied by another judge where plaintiff's complaint is supplemented because judge is not passing upon same legal issue previously decided). While the defendant did not label its motion to Judge Snepp as one for summary judgment, that nonetheless was the essence of the request. TM One contended in the face of plaintiffs' request for a jury trial that "there were no facts to be found by the jury." Judge Snepp after conducting the hearing made findings of fact and conclusions of law. He found there was "no disputed issue of fact for the jury to consider or for the Court to resolve." The procedure utilized by Judge Snepp, while not labeled a hearing on summary judgment, was exactly that. *See Smithwick*, 87 N.C. App. at 377, 361 S.E. 2d at 113 (the fact that proceeding before second judge was denominated a trial did not change its essential nature of constituting a "rehearing of Defendant's motion for summary judgment" because the same legal question was decided in both). A summary judgment procedure provides an "expeditious method for determining whether any [issue of fact] . . . actually exist[s]," *Patterson v. Reid*, 10 N.C. App. 22, 28, 178 S.E. 2d 1, 5 (1970) and we therefore consider the judgment of Judge Snepp as one for summary judgment.

Therefore, Judge Snepp's judgment dismissing the complaint had the effect of overruling Judge Sitton's denial of defendant's motion for summary judgment and must be vacated. As Judge Sitton had previously determined there existed a genuine issue of material fact and as plaintiffs had requested a jury trial, this matter must be remanded to the Superior Court of Mecklenburg County for trial on the issues presented in the complaint.

Because of our holding on this issue, we find it unnecessary to address the assignments of error raised by the plaintiffs.

Defendant's Appeal

II

[2] The defendant in its cross-appeal argues that Judge Sitton committed error in denying its original motion for summary judgment. We do not address this assignment of error as "the denial of a motion for summary judgment is a non-appealable interlocu-

tory order." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E. 2d 223, 230 (1985).

### III

[3]   The defendant next argues that Judge Sitton erred in granting the plaintiffs' motion for preliminary injunction. We do not consider this assignment of error as the defendant has not complied with Rule 28(b) of the North Carolina Rules of Appellate Procedure. Rule 28(b)(5) specifically requires the appellant in his brief to state each question separately. App. R. 28(b)(5). Furthermore, Rule 28(b)(5) requires the assignment of error be supported in the brief with argument. *Id.* Here the defendant failed to set out the question relating to the preliminary injunction separately and furthermore did not offer any argument in its brief to support this assignment of error. Accordingly, this assignment of error is deemed abandoned. App. R. 28(b)(5). *In re Appeal from Environmental Management Comm'n*, 80 N.C. App. 1, 18, 341 S.E. 2d 588, 598, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 139 (1986) (Rule 28 "has been interpreted by our Courts to require that a question purportedly raised by an assignment of error or exception be presented *and argued* in the brief in order to obtain appellate review") (emphasis in original).

### IV

[4]   Defendant finally argues that Judge Sitton erred in failing to make findings of fact and conclusions of law, after defendant so requested, to support the $20,000 injunction bond. We agree.

Rule 52(a)(2) of the North Carolina Rules of Civil Procedure specifically requires, upon request by a party, the trial judge to enter "findings of facts and conclusions of law" when "granting or denying . . . a preliminary injunction." N.C.G.S. Sec. 1A-1, Rule 52(a)(2) (1983). An integral part of a preliminary injunction is whether security is required and if so the amount of that security. *Keith v. Day*, 60 N.C. App. 559, 560, 299 S.E. 2d 296, 297 (1983). While the trial judge "has the discretion to determine what amount of security, if any, is necessary to protect the enjoined party's interests," *id.* at 561, 299 S.E. 2d at 297, findings and conclusions, upon request are nonetheless required. *See Andrews v. Peters*, 318 N.C. 133, 138, 347 S.E. 2d 409, 413 (1986) (Rule 52(a)(2) "does not except from its terms orders made within the trial court's discretion").

Here the order of Judge Sitton setting the injunction bond at $20,000 contained no findings of fact or conclusions of law relating to the amount of the bond. When the trial court fails to make required findings and conclusions, this court may on remand " 'allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented.' " *Harris v. North Carolina Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E. 2d 700, 702 (1988) (quoting C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2577 at 698 (1971) ). If the facts are not in dispute and "if only one inference can be drawn from the undisputed facts" a remand is not necessary. *Id.*

From our review of the record, we conclude the facts are in dispute as to the amount of damages which the defendant may incur in the event it is determined injunction was wrongfully issued. *See* N.C.G.S. Sec. 1A-1, Rule 65(c) (1983) (security for injunction must be "in such sum as the judge deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained"). Accordingly, this matter must be remanded in order to allow the trial court to make findings and conclusions on the issue of the amount of the injunction bond. If the parties desire to present new evidence, the trial court should consider that evidence. *See Harris*, 91 N.C. App. at 150, 370 S.E. 2d at 702. On remand, the trial court may in its discretion modify the amount of the bond but in any event, the determination as to the amount of the bond must be supported by adequate findings of fact and conclusions of law. *Id.*

We have reviewed the defendant's remaining assignments of error and find each of them to be without merit.

V

In summary, the judgment of Judge Snepp dismissing the complaint and dissolving the injunction is vacated and the matter is remanded for trial. The order of Judge Sitton entering a preliminary injunction and a bond of $20,000 is remanded for the limited purpose of making findings of fact as to the amount of the security bond in a manner consistent with this opinion.

Vacated and remanded in part and remanded in part.

Judges ORR and SMITH concur.