WHITLEY'S ELECTRIC SERVICE, INC., PLAINTIFF v. STUART WALSTON, JR., D/B/A STUART WALSTON CONSTRUCTION COMPANY AND STUART WALSTON CONSTRUCTION COMPANY, AND WALSTON CONSTRUCTION COMPANY, DEFENDANT

No. 917SC358

(Filed 3 March 1992)

**Courts § 84 (NCI4th)— summary judgment denied by one judge — summary judgment by another judge on same issue — error**
    Where one judge denies a motion for summary judgment, another judge may not reconsider the issue and grant summary judgment on the same issue.

**Am Jur 2d, Courts § 130.**

APPEAL by plaintiff from judgment entered 18 February 1991 by *Judge Franklin R. Brown* in WILSON County Superior Court. Heard in the Court of Appeals 10 February 1992.

*Farris & Farris, P.A., by Thomas J. Farris and Robert A. Farris, Jr., for plaintiff-appellant.*

*Rose, Rand, Orcutt & Cauley, P.A., by James P. Cauley, III, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff is an electrical contractor. Defendants are the individual sole shareholder and the construction companies he operated. By

amended complaint filed 18 May 1989, plaintiff alleges that defendants owe plaintiff monies for work performed and goods delivered on the Page house project. Defendants answered the complaint alleging the statute of limitations as a defense. On 10 October 1989, defendants moved for summary judgment on the basis that the suit was barred by the three year statute of limitations. Plaintiff responded, alleging that defendants had acknowledged the debt and renewed their intention to pay the obligation. By order dated 25 October 1989, Judge Butterfield, Jr., found that a genuine issue of material fact existed as to whether defendants had acknowledged the account and he denied defendants' motion for summary judgment. On 11 October 1990, before Judge Brown, defendants again moved for summary judgment on the identical issue and in support of their motion added the deposition of plaintiff's president, Doug Whitley. By judgment filed 18 February 1991, Judge Brown found that no genuine issue of material fact existed and allowed defendants' motion for summary judgment.

In his second Assignment of Error, plaintiff argues that Judge Brown was without authority to grant defendants' second motion for summary judgment. We agree.

> The well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.

*Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). The reason for this is that

> if the rule were otherwise, the normal reviewing function of appellate courts would be usurped, and, in some instances, the orderly trial process could be converted into a chaotic, protracted affair as one party attempted to shop around for a more favorable ruling from another superior court judge.

*State v. Duvall*, 304 N.C. 557, 562, 284 S.E.2d 495, 498 (1981). A superior court judge can, however, modify a prior interlocutory order of another judge "where the party seeking to alter that prior ruling makes a sufficient showing of a substantial change in circumstances during the interim which presently warrants a different or new disposition of the matter." *Id.* at 562, 284 S.E.2d

at 499. The interlocutory order at issue, however, must have been one within the discretion of the court. *Id.; Calloway*, 281 N.C. 496, 189 S.E.2d 484. Thus, there are two requirements which must be met before a modification of a prior interlocutory order is proper: (1) the prior order was discretionary and (2) there has been a substantial change in circumstances. *Iverson v. TM One, Inc.*, 92 N.C. App. 161, 374 S.E.2d 160 (1988); *Stone v. Martin*, 69 N.C. App. 650, 318 S.E.2d 108 (1984).

The rules stated above do not help defendants. Judge Brown's order granting defendants' motion for summary judgment was subsequent to Judge Butterfield's denial of defendants' earlier motion for summary judgment on the identical issue. Even though it is interlocutory in terms of appealability, a ruling on a motion for summary judgment involves an issue of law, not discretion. *Carr v. Carbon Corp.*, 49 N.C. App. 631, 272 S.E.2d 374 (1980), *disc. rev. denied*, 302 N.C. 217, 276 S.E.2d 914 (1981). Where a judge rules as a matter of law, the rights of the parties are finally determined, subject only to reversal on appeal. *Green v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E.2d 82 (1961). Thus, where one judge denies a motion for summary judgment, another judge may not reconsider the issue and grant summary judgment on the same issue. *Iverson*, 92 N.C. App. 161, 374 S.E.2d 160; *Smithwick v. Crutchfield*, 87 N.C. App. 374, 361 S.E.2d 111 (1987); *Stone*, 69 N.C. App. 650, 318 S.E.2d 108; *Carr*, 49 N.C. App. 631, 272 S.E.2d 374.

Defendants argue that if Judge Brown's order is vacated, the parties will be forced to have a jury trial even though Judge Brown has now found that no genuine issue of material fact exists. While this contention may be true, it is also irrelevant. It was defendants who initially moved for summary judgment on 10 October 1989. Judge Butterfield denied the motion on the basis of the materials presented to him by both parties. It was incumbent upon both parties at the time of the hearing on the motion to present to the court the evidence which would support either the granting or denial of the motion. As stated in *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 291 S.E.2d 892, *disc. rev. denied*, 306 N.C. 555, 294 S.E.2d 369 (1982):

> Generally, motions for summary judgment should not be decided until all parties are prepared to present their contentions on all the issues raised and determinable under Rule 56.

Piecemeal litigation of motions for summary judgment is to be avoided.

*Id.* at 441, 291 S.E.2d at 895. *See also Carr*, 49 N.C. App. 631, 272 S.E.2d 374. Since it was defendants who filed for summary judgment on 10 October 1989, it was their burden to present evidence which would support the granting of their motion. If discovery was necessary to accomplish this task then discovery should have been carried out before the summary judgment motion was filed. This argument has no merit.

We find that Judge Brown had no authority to grant summary judgment in favor of defendants and we vacate the order of 18 February 1991 granting defendants' motion for summary judgment.

Because of our holding on plaintiff's second Assignment of Error, vacating Judge Brown's order, we find that we need not consider plaintiff's argument on the issue of acknowledgment.

Vacated.

Chief Judge HEDRICK and Judge WELLS concur.