McARDLE CORP., Plaintiff v. S. ALLEN PATTERSON, and wife, KRISTIN L. PATTERSON, Defendants

No. 9310SC1068

(Filed 19 July 1994)

1. **Trial § 113 (NCI4th)— summary judgment order—undisputed facts listed—no erroneous finding of facts**

    There was no merit to defendants' contention that the first trial court judge erred in making findings of fact and conclusions of law in his order denying their motion for summary judgment, since the judge merely listed the undisputed facts, and his recitation of those facts was not error.

    **Am Jur 2d, Summary Judgment § 26.**

2. **Trial § 105 (NCI4th)— partial summary judgment order— binding effect on another judge**

    The first trial judge's order which was, in effect, both a denial of defendants' motion for summary judgment and a grant of partial summary judgment in favor of plaintiff finally determined the issue of notice, and that order was binding on the trial court judge before whom the case was scheduled after dismissal of defendants' appeal from the first judge's partial summary judgment order.

    **Am Jur 2d, Summary Judgment §§ 41 et seq.**

3. **Mortgages and Deeds of Trust § 91 (NCI4th)— posted foreclosure notice—time and contents of posting**

    A posted notice of a foreclosure hearing may run concurrently with any other effort to effect service, and there is no requirement that the posted notice contain the names of the parties entitled to notice. N.C.G.S. § 34-21.16(a).

    **Am Jur 2d, Mortgages §§ 720 et seq.**

Judge EAGLES dissenting.

Appeal by defendants from order and judgment filed 26 July 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 25 May 1994.

*Brown & Bunch, by M. LeAnn Nease and Scott D. Zimmerman, for plaintiff-appellee.*

*S. Allen Patterson, II, pro se, for defendants-appellants S. Allen Patterson, II and Kristin L. Patterson.*

LEWIS, Judge.

Plaintiff commenced this action to recover a deficiency judgment against defendants resulting from the foreclosure sale of property, which had been security for a promissory note guaranteed by defendants. After a bench trial, judgment was for the plaintiff, and defendants appeal.

The action was originally begun by plaintiff's predecessor in interest, First Federal Savings and Loan Association of Raleigh (hereinafter "First Federal"), in September 1990 before Judge George Greene. The action arose from defendants' guaranty of payment of a promissory note given by G.A.D. Development Company, Inc. (hereinafter "G.A.D.") to First Federal. The principal amount of the note was $161,000.00, and the note was secured by a deed of trust on property owned by G.A.D. in Wake County (hereinafter "the property"). G.A.D. defaulted on the note, leaving a balance owed of $161,444.61. At the foreclosure sale the property brought $110,400.00, with $108,995.00 being applied to G.A.D.'s obligation. As of 11 September 1990, the amount owing on the note after application of the proceeds of the foreclosure sale was $62,889.22.

Defendants answered the complaint and alleged as a defense that they did not receive proper notice of the foreclosure hearing, as required under N.C.G.S. § 45-21.16 (Cum. Supp. 1993), and that therefore, pursuant to section 45-21.16(b)(2), they were not liable for the deficiency. Thereafter, defendants moved for summary judgment. On 4 February 1991, Judge Greene denied defendants' motion for summary judgment. In the order denying summary judgment, Judge Greene made "findings of fact" and "conclusions of law." Among the findings of fact were findings that there were no genuine issues of material fact; that plaintiff attempted to mail legal notice of the foreclosure hearing to defendants by certified mail, return receipt requested, at their then-known address; that defendants did not receive the attempted mailing; that plaintiff's attempt to serve defendants by certified mail was a reasonable and diligent effort to serve defendants; and that plaintiff achieved proper service of notice by posting a notice on the property. Judge Greene concluded that defendants were properly notified of the foreclosure hearing as

required by section 45-21.16(b)(2) and that plaintiff was entitled to proceed against defendants for the deficiency.

Defendants appealed Judge Greene's order, and this Court dismissed the appeal as interlocutory in an unpublished opinion, reported as *First Federal Savings & Loan Ass'n v. Patterson,* 104 N.C. App. 138, 408 S.E.2d 764 (1991). The case was then scheduled for trial before Judge Donald Stephens. Before trial, Judge Stephens determined, as a matter of law, that by virtue of Judge Greene's order, he was precluded from considering the issue of whether defendants received adequate notice of the foreclosure hearing. Judge Stephens then proceeded to trial without a jury on plaintiff's claim, and judgment was subsequently entered against defendants. Defendants gave notice of appeal from the judgment entered by Judge Stephens.

On appeal, defendants contend that (1) Judge Greene erred in denying defendants' motion for summary judgment and in granting partial summary judgment in favor of plaintiff, (2) Judge Greene erred in making findings of fact and conclusions of law in addressing a motion for summary judgment, and (3) Judge Stephens erred in determining that he was precluded from considering the issue decided by Judge Greene in the order denying defendants' motion for summary judgment.

I.

The order of Judge Greene purports to be nothing more than a denial of defendants' motion for summary judgment. However, in light of Judge Greene's conclusion that defendants received adequate notice and that plaintiff was therefore entitled to proceed against defendants for the deficiency, the order became, in effect, a grant of partial summary judgment in favor of plaintiff on the issue of defendants' defense of inadequate notice.

Plaintiff contends that defendants have not properly appealed Judge Greene's order, as defendants only gave notice of appeal from the judgment of Judge Stephens. However, Judge Greene's order stated that it was a denial of defendants' motion for summary judgment, and the general rule is that where there has been a trial on the merits, it is not proper to appeal the denial of a motion for summary judgment. *Munie v. Tangle Oaks Corp.,* 109 N.C. App. 336, 340, 427 S.E.2d 149, 151 (1993). Thus, it is understandable that defendants did not give notice of appeal from the order of Judge Greene. However, because we conclude that Judge Greene's order was in actuality both

a denial of defendants' motion and a grant of partial summary judgment for plaintiff, in our discretion we will review Judge Greene's order.

## II.

[1] Defendants' first contention is that Judge Greene erred in making findings of fact and conclusions of law in his order denying their motion for summary judgment. Defendants are correct that it is not the function of the trial court to make findings of fact and conclusions of law on a motion for summary judgment. *Capps v. City of Raleigh*, 35 N.C. App. 290, 292, 241 S.E.2d 527, 528 (1978). However, in some instances, it can be helpful for the trial court to set out the undisputed facts which form the basis of its judgment. *Id.* at 292, 241 S.E.2d at 529. When that appears helpful or necessary, the court should state that the facts set out are the undisputed facts. Id. In the case at hand, Judge Greene merely listed the undisputed facts, stating that there were no genuine issues of material fact. We do note that the label "findings of fact," as used by Judge Greene, could be misleading in that it tends to imply that the facts were disputed. *See A-S-P Assocs. v. City of Raleigh*, 38 N.C. App. 271, 275, 247 S.E.2d 800, 803 (1978), *rev'd on other grounds*, 298 N.C. 207, 258 S.E.2d 244 (1979). However, the facts were not in dispute, and we conclude that Judge Greene's recitation of the facts was not error.

## III.

[2] Defendants next argue that Judge Greene's order was not binding on Judge Stephens. As stated above, Judge Greene's order was, in effect, both a denial of defendants' motion for summary judgment and a grant of partial summary judgment in favor of plaintiff. We note that summary judgment can be entered in favor of the non-movant in appropriate cases. N.C.G.S. § 1A-1, Rule 56(c); *Federal Land Bank v. Lackey*, 94 N.C. App. 553, 554, 380 S.E.2d 538, 539 (1989), *aff'd per curiam*, 326 N.C. 478, 390 S.E.2d 138 (1990).

As to the effect of one judge's order on another judge, our Supreme Court has stated:

> The well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.

*Whitley's Elec. Serv., Inc. v. Walston,* 105 N.C. App. 609, 610, 414 S.E.2d 47 (1992) (quoting *Calloway v. Ford Motor Co.,* 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). Furthermore, where a judge rules as a matter of law, as on a motion for summary judgment, the rights of the parties are finally determined, subject only to reversal on appeal. *Id.* at 611, 414 S.E.2d at 48. Accordingly, Judge Greene's order was binding on Judge Stephens, and Judge Stephens did not err in not re-examining the issue of notice.

## IV.

**[3]** Defendants' final contention is that they did not receive adequate notice of the foreclosure hearing and that they therefore cannot be held liable for any deficiency. Section 45-21.16(b)(2) provides that notice of the hearing must be served upon "[a]ny person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale."

Section 45-21.16(a) provides for the proper manner of service:

The notice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons, including service by registered mail or certified mail, return receipt requested. However, in those instances that publication would be authorized [under the Rules of Civil Procedure], service may be made by posting a notice in a conspicuous place and manner upon the property not less than 20 days prior to the date of the hearing . . . .

§ 45-21.16(a). Rule 4(j1) of the North Carolina Rules of Civil Procedure provides that "[a] party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication." N.C.G.S. § 1A-1, Rule 4(j1) (1990). Therefore, if a party cannot with due diligence be served by personal delivery or registered or certified mail, service of the notice of hearing may be made by posting the notice on the property. In the case at hand, the parties stipulated that two attempts to serve defendants with the notice of hearing were made by certified mail, and defendants agree that the attempted service by mail was made with due diligence. Defendants' only contention is that the posted notice was not sufficient in that (1) the notice was posted before it was determined that defendants could not be served with actual notice, and (2) the posted notice did not contain the names of defendants.

**McARDLE CORP v. PATTERSON**

[115 N.C. App. 528 (1994)]

As to defendants' first argument, we note that section 45-21.16(a) provides that service by posting "may run concurrently with any other effort to effect service." The first attempted service by mail was postmarked 11 July 1989, and the notice was posted on the property on 12 July. Thus, the posting was concurrent with the attempt to serve defendants by mail, and defendants' argument is without merit.

Defendants' second argument is that section 45-21.16 requires that the posted notice contain the names of the parties entitled to notice of the hearing. However, section 45-21.16(c) specifically lists the information the notice of hearing must contain and does not include a requirement that the notice contain the names of the parties entitled to notice. Furthermore, we do not believe that such a requirement is implied by the statute as a whole. The posted notice is, in effect, notice to the world. Accordingly, we hold that defendants received adequate notice of the foreclosure hearing, and that Judge Greene did not err in denying defendants' motion for summary judgment and in granting partial summary judgment for plaintiff on this issue.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

Judge COZORT concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent. The majority states that "section 45-21.16(c) specifically lists the information the notice of hearing must contain and does not include a requirement that the notice contain the names of the parties entitled to notice" and holds that "[w]e do not believe that such a requirement is implied by the statute as a whole." G.S. 45-21.16(c) provides that "[n]otice shall be in writing and shall state in a manner reasonably calculated to make the party entitled to notice aware of the following: . . . ." A posted document cannot be "reasonably calculated" to give notice without listing at least the name of the person entitled to receive that notice. *Cf.* G.S. 1A-1, Rule 4(ji)(ii) ("The notice of service of process by publication shall . . . (ii) be directed to the defendant sought to be served"). Unlike the majority, I would imply that requirement from the "reasonably calcu-

NATIONWIDE MUTUAL INS. CO. v. ABERNETHY

[115 N.C. App. 534 (1994)]

lated" language of G.S. 45-21.16(c). Furthermore, it is quite understandable that our General Assembly omitted this requirement from the list of enumerated items because with its inclusion the statute would be needlessly nonsensical: i.e., the statute would read, "[n]otice shall be in writing and shall state in a manner reasonably calculated to make the party entitled to notice *aware* of the following: . . . his or her own name." (Emphasis added.) Given that "foreclosure under a power of sale is not favored in the law, and its exercise [is to] be watched with jealousy," *In Re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 375, 432 S.E.2d 855, 859 (1993) (internal quotations omitted), I would reverse the judgment of the trial court.