County of Catawba v. Frye Reg'l Med. Ctr., Inc., 2015 NCBC 17.

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>CATAWBA COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>11 CVS 2780 |

<table>
<tr><td>

COUNTY OF CATAWBA d/b/a
CATAWBA VALLEY MEDICAL
CENTER,

          Plaintiff,

v.

FRYE REGIONAL MEDICAL CENTER,
INC., and TATE SURGERY CENTER,
LLC,

          Defendants.

</td><td>

**ORDER AND OPINION**

</td></tr>
</table>

{1}    **THIS MATTER** is before the Court upon Plaintiff County of Catawba's ("Plaintiff") Motion for Revision of Summary Judgment Order on Plaintiff's Fraud and Unfair and Deceptive Trade Practices Claims (the "Motion for Revision") and Defendants Frye Regional Medical Center, Inc. ("Frye") and Tate Surgery Center, LLC's ("Tate") (collectively, "Defendants") Motion to Strike or Disregard Portions of Reply Brief (the "Motion to Strike") in the above-captioned case. Having considered the Motions, affidavits and supporting briefs, the Court hereby **DENIES** Defendants' Motion to Strike and **DENIES** Plaintiff's Motion for Revision.

*Brooks, Pierce, McLendon, Humphrey & Leonard LLP by James C. Adams, II, Justin N. Outling, and Forrest W. Campbell, Jr. for Plaintiff.*

*Van Laningham Duncan PLLC by Alan W. Duncan and Poyner & Spruill, LLP by S. Todd Hemphill, Matthew A. Fisher, and David R. Broyles for Defendants.*

Bledsoe, Judge.

I.

FACTUAL AND PROCEDURAL BACKGROUND

{2}    The factual and procedural background of this case is recited in detail in *County of Catawba v. Frye Reg'l Med. Ctr., Inc.*, 2014 NCBC 27 (N.C. Super. Ct. June 26, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_27.pdf (granting in part

and denying in part Defendants' Motion for Summary Judgment). The facts pertinent for purposes of resolving the present Motions are set forth below.

{3}    Plaintiff filed the Complaint in this action on September 8, 2011, asserting claims against Defendants for breach of four separate contracts (claims 1 – 4), fraud (claim 5), and unfair and deceptive trade practices under N.C.G.S. § 1-75.1 ("UDTP") (claim 6). Defendants filed a Motion for Summary Judgment (the "SJ Motion") on October 21, 2013, seeking dismissal of each of Plaintiff's six claims.

{4}    On June 27, 2014, this Court (Murphy, J.) issued an Order and Opinion granting Defendants' SJ Motion on Plaintiff's claims for fraud and unfair and deceptive trade practices (the "SJ Order"). *County of Catawba*, 2014 NCBC 27 at ¶¶ 57, 59. In dismissing those claims, Judge Murphy stated that Plaintiffs had not brought forward evidence of injury caused by the alleged actions of Defendants. *Id.* at ¶¶ 56, 59. Judge Murphy did not dismiss Plaintiff's fourth claim for relief – for breach of the parties' Private Party Settlement Agreement (the "PPSA") – stating that "there is a question of material fact as to whether the parties intended the PPSA to serve as a binding agreement . . . ." *Id.* at ¶ 48.

{5}    On June 30, 2014, Judge Murphy retired from the bench upon expiration of his term as a Business Court judge (technically, a Special Superior Court Judge for Complex Business Cases).

{6}    After Judge Murphy's retirement, on July 25, 2014, Defendants moved the Court to consider Defendants' contention that Plaintiff's claim for breach of the PPSA was barred by the applicable statute of limitations – an issue Defendants argued Judge Murphy left unresolved in his SJ Order and on which Defendants claimed they were entitled to a favorable ruling (the "Motion for Consideration"). The Court denied Defendants' Motion for Consideration, finding that the Court had the authority to consider arguments not previously considered by Judge Murphy in his Opinion on the SJ Motion, but ultimately concluding that summary judgment should not be entered dismissing Plaintiff's breach of PPSA claim on statute of limitations grounds. *See County of Catawba v. Frye Reg'l Med. Ctr., Inc.*, 2014 NCBC 57 (N.C. Super. Ct. Nov. 13, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_57.pdf.

{7} On October 10, 2014, Plaintiff filed a Motion for Reconsideration of Summary Judgment Order on Fraud and Unfair Trade Practices Claim under Rule 60(b)(6) of the North Carolina Rules of Civil Procedure seeking reconsideration of Judge Murphy's Summary Judgment ruling dismissing Plaintiff's claims for fraud and UDTP (the "Motion for Reconsideration"). Plaintiff subsequently withdrew its Motion for Reconsideration on October 17, 2014.

{8} Twelve days later on October 29, 2014, Plaintiff filed the Motion for Revision under Rule 54(b). Both the Motion for Reconsideration and the Motion for Revision seek the same relief – reversal of Judge Murphy's SJ Order dismissing Plaintiff's claims for fraud and UDTP. Defendants filed their Response to Plaintiff's Motion for Revision on November 14, 2014. Plaintiff filed its Reply on December 1, 2014, advancing for the first time that N.C.R.C.P. 63, in combination with N.C.R.C.P. 54(b), permits the Court to revisit and reverse Judge Murphy's SJ Order based on what Plaintiff contends are clear errors of law.

{9} Defendants subsequently filed a Motion to Strike on December 10, 2014, requesting that Plaintiff's newly-advanced arguments based on N.C.R.C.P. 63 not be considered on Plaintiff's Motion for Revision. Plaintiff responded to the Motion to Strike on January 2, 2015, and Defendants filed their Reply on January 7, 2015.

{10} The Motions are now ripe for resolution. Pursuant to Rule 15.4(a) of the Business Court Rules, the Court elects, in its discretion, to decide the Motions without a hearing. The Court takes each Motion in turn.

II.

ANALYSIS

a. Motion to Strike

{11} Based on the particular procedural facts here, without intending to create a rule of general application, without prejudice to future challenges under Business Court Rule 15.7 concerning reply briefs, and in light of the Court's resolution of the Motion for Revision, the Court elects, in its discretion, to consider all the arguments presented in Plaintiff's Reply Brief in considering Plaintiff's Motion for Revision. Accordingly, Defendants' Motion to Strike is **DENIED**.

b.  Motion for Revision

{12}  Plaintiff asks the Court to revise Judge Murphy's SJ Order under Rules 54(b) and 63 and reverse Judge Murphy's dismissal of Plaintiff's fraud and UDTP claims.  (Pl.'s Mot. Revision, p. 1.)  In support of its Motion, Plaintiff argues that Judge Murphy's retirement vested this Court with the authority to change Judge Murphy's SJ Order because (i) Rule 54(b) provides that where, as here, a final judgment has not been entered, "any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties" and (ii) according to Plaintiff, Rule 63 authorizes a substitute judge to reconsider an order entered by a judge who has since retired.  (Pl.'s Reply Supp. Mot. Revision, p. 5 (quoting *Springs v. City of Charlotte*, 730 S.E.2d 803, 805 (N.C. Ct. App. 2012) and *In re Expungement for Kearney*, 174 N.C. App. 213, 214–15, 620 S.E.2d 276, 277 (2005).).

{13}  Our Supreme Court has held that "[t]he well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action."  *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).

{14}  This Court has previously observed that North Carolina law has long recognized that "'[o]ne superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order.'"  *DeGorter v. Capitol Bancorp Ltd.*, 2014 NCBC 62 (N.C. Super. Ct. Nov. 26, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_62.pdf (denying motion for reconsideration) (quoting *Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 189, 697 S.E.2d 449, 456 (2010)).

{15}  Rule 63 does not change this oft-applied North Carolina rule.  That Rule provides, in relevant part, that:

[i]f by reason of death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason, a judge before whom . . . a hearing has been held is unable to perform the duties to be performed by the court under these rules after a . . . hearing is otherwise concluded, then those duties . . . may be performed . . . by the judge senior in point of continuous service on the superior court regularly holding the courts of the district."

{16}    Plaintiff essentially contends that Rules 54(b) and 63, taken together, treat Judge Murphy's retirement at the expiration of his term of office as an invitation to this Court to decide Defendants' SJ Motion anew.  The Court disagrees.  Not only would such a reading ignore the North Carolina rule that one Superior Court judge generally cannot overrule another, but read in context, the Court concludes that Rule 63 is intended for situations where, for example, a Superior Court judge leaves the bench prior to entering a written order on a matter that has been heard, or before a matter is remanded from the appellate courts with instructions for further action. The Court does not read Rule 63 to address the situation here, where Judge Murphy received the parties' briefs, held a hearing, issued a written order ruling on the parties' arguments and dismissing claims, and then left the bench.

{17}    The Court recognizes that its construction of Rule 63 effectively results in a party losing its right to seek revision of a summary judgment ruling by the trial court under Rule 54(b) when the issuing Superior Court judge retires or otherwise leaves the bench prior to the entry of a final judgment.[1]  In that circumstance, however, the Court concludes that the party's redress is with the North Carolina appellate courts and not with another Superior Court judge.[2]

---

[1]  Whether a substitute Superior Court judge may certify under Rule 54(b) a judgment entered by a since-retired Superior Court judge as a final judgment "as to one or more but fewer than all of the claims or parties in an action" based on a determination that "there is no just reason for delay" is not an issue before the Court or intended to be resolved by the Court's ruling.

[2]  The Court also notes that Plaintiff's interpretation of Rule 63 would create great uncertainty and confusion whenever a Business Court judge were to resign, retire or depart from the bench by inviting a potential sea of motions to the newly-assigned Business Court judge from disappointed litigants seeking to overturn adverse decisions issued in the last weeks of the departing judge's service on the bench.

{18} Accordingly, to permit this Court to review the prior order, Plaintiff must show that Judge Murphy's SJ Order was interlocutory and discretionary, and that there has been a substantial change of circumstances since its entry. The parties agree that the SJ Order here is interlocutory but disagree as to whether the SJ Order is discretionary and whether there has been a substantial change in circumstances since the entry of Judge Murphy's prior order.

{19} First, as to the nature of the SJ Order, the Court of Appeals has held that an order on a motion for summary judgment involves an issue of law and is not discretionary. *See Iverson v. TM One, Inc.*, 92 N.C. App. 161, 164, 374 S.E.2d 160, 163 (1988) ("Although the denial of a motion for summary judgment is an interlocutory order, it is not a discretionary order so as to give a second judge the power to modify or change it even where there has been a change of circumstances."); *Whitley's Electric Serv., Inc. v. Walston*, 105 N.C. App. 609, 611, 414 S.E.2d 47, 48 (1992) ("Even though it is interlocutory in terms of appealability, a ruling on a motion for summary judgment involves an issue of law, not discretion.").

{20} Plaintiff attempts to salvage its claim by relying on federal case law and arguing in its Reply Brief that "[t]he discretionary aspect of Judge Murphy's Order on Summary Judgment was his decision, *ex mero motu*, to consider an issue not raised or briefed by the parties on the cross-motions for summary judgment – the issue of damages and harm on CVMC's fraud claim." (Pl.'s Reply Supp. Mot. Revision, p. 7.) Plaintiff does not point to any North Carolina cases to support its contention, however, and the Court fails to see how a trial court's decision to consider an issue it raises on its own motion somehow changes the character of the trial court's resulting order. North Carolina case law makes clear that a ruling on a motion for summary judgment is not discretionary, and this Court concludes that it therefore may not modify, overrule or change Judge Murphy's prior order.

{21} Even if the SJ Order was discretionary, as Plaintiff contends, the Court further concludes that Plaintiff has not shown a substantial change in circumstances since the entry of the SJ Order that would permit the Court to revise the Order. "A substantial change in circumstances exists if since the entry of the prior order, there

has been an 'intervention of new facts which bear upon the propriety' of the previous order. The burden of showing the change in circumstances is on the party seeking a modification or reversal of an order previously entered by another judge." *First Fin. Ins. Co. v. Commercial Coverage*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002).

{22} Plaintiff contends a substantial change in circumstances exists here because "the Court, through its *ex mero motu* decision to consider the issue of damages, changed the pleading and proof requirements of the parties, and CVMC in particular without notice or an opportunity to respond and present evidence." (Pl.'s Reply Supp. Mot. Revision, p. 7–9.) By its own formulation, however, Plaintiff has asserted that the alleged change in circumstances occurred prior to the entry of the SJ Order. Because Plaintiff has failed to identify, as it must, circumstances that have substantially changed since the entry of Judge Murphy's Order, Plaintiff has failed to meet its burden, and the Court finds that it is without authority to modify or revise the SJ Order. *See Taidoc Tech. Corp. v. OK Biotech Co., Ltd.*, 2014 NCBC 48 ¶ 11 (N.C. Super. Ct. Oct. 9, 2014), http://www.ncbusinesscourt.net/opinions/2014_NCBC_48.pdf ("'[W]here the trial court fails to find that there has been a material change in circumstances, it has no authority to modify the order of another judge.'"). For this additional reason, the Court concludes that Plaintiff's Motion for Revision should be **DENIED**.

III.

CONCLUSION

{23} For the reasons stated above, the Court **DENIES** Defendants' Motion to Strike and **DENIES** Plaintiff's Motion for Revision. All other requested relief is also **DENIED**.


**SO ORDERED**, this the 25th day of February 2015.