Pearson, J.
 

 If a stranger breaks tbe close of one having the particular estate, and besides injuring him
 
 fog treadvng down Ms grass,
 
 taking away bis crop, &c., also commits an injury to tbe inheritance, by cutting timber trees, tearing down bouses, &c., the particular tenant may have trespass
 
 quare clausum fregit
 
 for tbe injury done immediately to him, and tbe remainder-man, or reversioner, may have an action of trespass on tbe case, in tbe nature of waste, for tbe injury to the inheritance. This doctrine is discussed and settled by
 
 Williams
 
 v.
 
 Lanier,
 
 Busb. Rep. 30.
 

 
 *66
 
 In. the case of a tenant at will, there are many authorities for the position, that although his action must be
 
 trespass quan'e clauswn fregit,
 
 still the action of the lessor may also be
 
 trespass guare clomswn fregit, provided an injury is done to land,
 
 as by tearing down houses, “ subverting the soil,” &c. In
 
 2
 
 Rollo’s Abrigt. 551 and 49, it is said, “if a man subverts land which is under a lease at will, the lessee may have trespass against him, and shall have damages for the profits, and the lessor may have another action of trespass, and shall recover damages for the
 
 destination of the land.”
 
 This authority is relied on by Chief Babón Comyn who lays down the same position in his Digest 7 vol. Title Trespass, B.
 
 2.
 
 Such is also the opinion of Hargrave Co. Lit. 57a, note
 
 2,
 
 and of Serjeant Williams, 1 Saunders 322a, in note 5; and the doctrine is traced back to a case in the year-books in the time of Henry VI; but it is distinctly confined to cases where damage is done to
 
 the land,
 
 and not merely to the possession, as by treading down grass, &c.
 

 On the contrary, there are many authorities for the position, that oven in a case of a tenancy at will, the lessor can, under no circumstances, maintain an action of trespass
 
 guare clausum fregit j
 
 because the gravamen of that form of action is an injury to the possession, and that “case” is the only action which the lessor can maintain; among the number is Chitty, in his pleading, and he has been followed bj many of our sister States.
 

 It is not necessary for us to take sides in this controversy, because, taking it either way, there is error in the decision below. There was
 
 no damage to the land,
 
 for which the lessor has a right to complain. The act committed was, “ the defendant went on the land and removed a quantity of sawed lumber which had been put there by one Goff.” If any one had a right to complain of this act of the defendant, it was the tenant at will; there is no authority, and no principle, upon which the lessor can be allowed to maintain an action of trespass
 
 gua/re clausum fregit
 
 in regard to it; for, although we may be disposed to concur with the doctrine, that inas
 
 *67
 
 much as the estate of a tenant at will is not sufficient to support a remainder, his possession may, in a great degree, be considered as the possession of the lessor, still, all of the -cases and authorities, from the year-books down, agree that if the lessor can maintain trespass
 
 quaere clauswn. fregit
 
 at all, it is only where
 
 damage is done to the land.
 

 This subject is discussed fully in
 
 Starr
 
 v. Jackson, 11 Mass. Rep. 520, and it is apparent, that, although the weight of “the old authorities” is in favor of the right of the lessor to maintain the action of trespass
 
 quaere clausum
 
 fregit, yet, the position, taken by Chitty, that trespass
 
 quaere clausum fregit
 
 can never be maintained unless the jdaintiff is in possession, and that it is absurd to suppose that a tenant at will may maintain that action on his possession, and the lessor may also have the same action, pressed hard on the court. With this, however, we are at the present not concerned, for as no damage was done to the land, the action cannot be maintained. There is error.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo
 
 awarded.