MAUDE PATTON ANTHONY v. TEACHERS PROTECTIVE UNION.

(Filed 28 February, 1934.)

1. **Insurance I b—Misrepresentation in this case held not material and was not adequate cause for cancellation of policy.**

   Plaintiff, in her application for the policy in suit, failed to disclose in her written answer to a written question, that she had been treated within five years prior to the application by a physician, and the policy provided that insurer might cancel same for misleading statements in the application. The verdict of the jury, supported by evidence, established that the treatment which plaintiff did not reveal in her application was for an illness other than the cholecystitis causing the disability sued on, that prior to the application for the policy plaintiff had not suffered from cholecystitis, and that for five years prior to the application for the policy plaintiff had had no departure from good health other than that disclosed on the application. *Held,* the failure of plaintiff to disclose the treatment by the physician on the application was not a suppression of a material fact and was not adequate cause for cancellation of the policy. C. S., 6289.

2. **Trespass A d—Definition of forceable trespass.**

   Forceable trespass is a high-handed invasion of the actual possession of another, he being present and forbidding, and although actual force need not be used, it is necessary that the trespasser by acts or threats

plainly imply the purpose to use force against resistance, and create the reasonable apprehension that the party in possession must yield to avoid a breach of the peace, and even if the party's entry is peaceable he may become guilty of forceable trespass if he thereafter puts himself in open opposition to the occupant.

**3. Trespass B c—Evidence of forceable trespass held insufficient.**

Evidence tending merely to show that plaintiff was nervous and that defendant talked to her in a loud voice and accused her of having made false statements in her application to defendant's insurance company and that both parties became angry, and that thereafter plaintiff's brother put defendant out without the slightest opposition on his part *is held* insufficient to be submitted to the jury on the issue of forceable trespass, the evidence failing to disclose any offer of violence or the use of profane or indecent language, or threats, or any force or assault.

APPEAL by defendant from *Finley, J.,* at March Term, 1933, of BURKE.

The complaint states two causes of action. The first is for loss founded upon disability under a health and accident policy issued to the plaintiff by the defendant.

The plaintiff made application in writing for membership in the Teachers Protective Union, on 1 October, 1931. A certificate of membership, containing the following clause, was issued to her on 8 October, 1931: "In consideration of the statements, conditions and provisions of the application for membership, . . . the articles of incorporation and the constitution and general laws of the union, and all amendments thereto, which are on file in the office of the supreme secretary and are now hereby made a part of this certificate of membership." The certificate provides that "Benefits for sickness shall not be paid for any illness contracted prior to or within thirty (30) days after the date of the certificate of membership." The same provision is in the constitution and general laws. The certificate also provides that "The supreme officer shall have power to cancel a certificate of membership when it becomes evident that false or misleading statements were made in the application for membership or in application for benefits; or when it shall have been established that disability, for which claim is made, had its inception prior to membership in the union under this certificate." The same provision is in the constitution and general laws.

The plaintiff became sick on 7 January, 1932, and remained incapacitated and confined to her home during the time for which she makes claim. She filed proof of claim for benefits and a representative of the defendant notified her that on account of cholecystitis with which she was suffering and her failure to inform the defendant that she had been treated for this disorder she was not entitled to benefits under her policy.

The second cause of action is assault and forceable trespass committed by E. L. Cunningham, agent of the defendant, when he called at her home to settle the controversy between the defendant and herself growing out of her claim of loss.

The jury answered the issues as follows:

1. Did the plaintiff, prior to 1 October, 1931, have chronic cholecystitis or chronic inflammation of the gall bladder?  Answer: No.

2. Had the plaintiff, prior to 1 October, 1931, been treated by Dr. J. J. Kirksey for chronic cholecystitis or chronic inflammation of the gall bladder?  Answer: No.

3. At the time of applying for membership in the Teachers Protective Union did the plaintiff fail to inform the defendant or did she withhold information from the defendant that she had been treated by Dr. J. J. Kirksey in the spring of 1931 for chronic cholecystitis or chronic inflammation of the gall bladder?  Answer: No.

4. If so, was the failure to so inform the defendant material to the risk applied for to be assumed?  Answer: ........ .

5. Did the plaintiff at any time during the five years immediately before 1 October, 1931, have any medical or surgical advice or treatment or any departures from good health, other than the operation by Dr. J. B. Riddle in September, 1930, and if so, when and by what physician was she treated?  Answer: No.

6. If so, did the plaintiff at the time of applying for membership in the Teachers Protective Union, fail to inform the defendant, or did she withhold information from the defendant that she had been so treated?  Answer: No.

7. If so, was the failure to so inform the defendant material to the risk applied for to be assumed?  Answer: ........

8. Did the plaintiff become disabled of sickness on or about 7 January, 1932, and if so, was chronic cholecystitis or chronic inflammation of the gall bladder the cause or one of the causes contributing to such sickness and disability?  Answer: No.

9. Was the plaintiff on account of sickness from and after 7 January, 1932, totally disabled and necessarily and continuously confined to her house and regularly attended therein by a registered physician at least once a week solely by reason of such sickness?  Answer: Yes.

10. If so, for what period of time and between what dates was she so confined?  Answer: 7 January-20 April, 1932.

11. Did the defendant unlawfully enter upon the premises of the plaintiff and unlawfully and wilfully commit forceable trespass upon the person of the plaintiff, as alleged in the complaint?  Answer: Yes.

12. If so, what damage, if any, is the plaintiff entitled to recover of the defendant?  Answer: $1,000.

The plaintiff was given judgment on the first cause of action for $350 and on the second for $1,000.

The defendant excepted and appealed upon assigned error.

*C. E. Cowan and Winborne & Proctor for appellant.*
*Mull & Patton, S. J. Ervin and S. J. Ervin, Jr., for appellee.*

ADAMS, J. The defendant moved to dismiss both causes of action as in case of nonsuit and tendered prayers for directed instructions on all the contested issues that were answered. The court denied the motion and declined to give the requested instructions, and the defendant excepted.

The ground of all the exceptions addressed to these questions, as set out in the appellant's brief, is the asserted failure of the plaintiff to state in her application for membership that she had previously suffered illness and received medical treatment. This contention is based upon her answer to each of the following questions: Q. 5: "Are you now suffering from, or have you ever had any . . . gall or kidney stones . . . or any chronic or periodical mental or physical ailment or disease . . . or have you ever had or been advised to have a surgical operation?" A. "Yes." Q. 6: "Have you during the past five years had any medical or surgical advice or treatment or any departure from good health? If so, state when and what the duration." A. "Operation; 3 months; September, 1930. My physician at that time was Dr. J. B. Riddle. Address: Morganton, N. C."

These questions and the answers appear in the plaintiff's application for membership in the defending corporation and were subscribed on 1 October, 1931. At the trial the plaintiff testified that in the spring of 1931 Dr. Kirksey had treated her and that she had not given his name to the defendant's agent at the time she made her application. The defendant says that the statements contained in her application were representations (C. S., 6289) which, being in the form of written answers to written questions, are deemed to be material (*Insurance Co. v. Woolen Mills*, 172 N. C., 534), and that the withholding of information in regard to Dr. Kirksey's treatment was in effect the suppression of a material fact by reason of which the policy may be avoided at the election of the defendant.

In view of facts revealed by the record this position cannot be maintained. The verdict, supported by competent evidence, establishes these facts: Anterior to 1 October, 1931, the plaintiff had not suffered from chronic cholecystitis; Dr. Kirksey had not treated her for this infirmity; during the five years preceding this date she had had no departure from good health other than that which was attendant upon the operation

performed by Dr. Riddle. It is therefore evident that her failure to inform the defendant's representative that in the spring of 1931 Dr. Kirksey had treated her for a temporary indisposition is of negligible significance and in no event is adequate cause for canceling the policy.

The second cause of action consists of alleged forceable trespass on the premises of the plaintiff and alleged assault upon her person by the defendant's agent when he went to her home and undertook to settle a controversy between the plaintiff and the defendant founded upon the policy of insurance. The allegations directed to the second cause are specifically denied, and the immediate question is whether the evidence considered most favorably for the plaintiff is enough to warrant a recovery upon these allegations, or, indeed upon the answers returned to the eleventh and twelfth issues.

Forceable trespass is the high-handed invasion of the actual possession of another, he being present and forbidding. When a person enters upon the actual possession of another and by his language or conduct gives the occupant cause to fear that he will inflict bodily harm if the person in possession does not yield, his entry is forceable in contemplation of law, whether he causes such fear by a demonstration of force such as to indicate his purpose to execute his pretensions, or by actual threats to do bodily harm, or by the use of language which plainly implies a purpose to use force against any who may make resistance.

Even if the entry is peaceable, or by the express or implied invitation of the occupant, still if after coming upon the premises the defendant uses violent and abusive language and does acts which are calculated to produce a breach of the peace and is forbidden, he is guilty of forceable trespass, because although not a trespasser in the beginning, he becomes a trespasser as soon as he puts himself in open opposition to the occupant of the premises. It is not necessary that the occupant actually be put in fear, if the conduct or language of the trespasser be calculated to intimidate, alarm, put in fear or to create a breach of the peace—if there be such demonstration of force as to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace. The act complained of must have been with a strong hand, ' *manu forti,*" and this implies the exercise of greater force than is expressed by the words *"vi et armis."* Rudeness of language, mere words, or even a slight demonstration of force against which ordinary firmness is a sufficient protection will not constitute the offense. *S. v. Ray,* 32 N. C., 39; *S. v. Pearman,* 61 N. C., 371; *S. v. King,* 74 N. C., 177; *S. v. Gray,* 109 N. C., 791; *S. v. Davenport,* 156 N. C., 596; *S. v. Tyndall,* 192 N. C., 559.

Examined in the light of these principles the evidence does not justify the answers to the eleventh and twelfth issues. The testimony is concise.

The plaintiff was nervous; the defendant's agent talked to her in a loud tone and said that she had made false statements in her application for membership; both the plaintiff and the agent were angry; and the agent tried to persuade her to accept a check for $30.00 and to cancel the policy, and she declined the offer. The plaintiff's daughter requested the agent to leave the house, but she immediately asked "if he wanted to stay" until Dr. Kirksey came. He waited and a few minutes later, when they arrived, he had an interview with the physician and the plaintiff's brother, who, after the conversation had become electric, "got up" and without the slightest resistance "put the agent out." This incident, however, the plaintiff neither instigated nor encouraged.

The foregoing circumstances, appearing in the evidence for the plaintiff, may be conceded. Still, according to her evidence the agent made no threats, offered no violence, used no profane or indecent language, committed no assault, exerted no force, but was only insistent that the plaintiff's statements had misled the defendant and that she was entitled only to the sum he tendered. Indeed, the plaintiff testified, "My complaint is that he (the agent) accused me of making false statements." We find nothing in the agent's conduct that was calculated to result in a breach of the peace—nothing to make a case of forceable trespass; bare words, however violent, cannot of themselves constitute the force necessary to complete the offense. *S. v. Covington*, 70 N. C., 71.

The exceptions relating to the admission of evidence and the charge of the court are not of sufficient gravity to require a new trial.

We find no error as to the first cause of action but the defendant's motion to dismiss the second should have been allowed.

As to the first cause no error, and as to the second the judgment is

Reversed.