## MRS. L. E. KAYLOR v. B. E. SAIN.

(Filed 31 October, 1934.)

**Trespass B c—Evidence of forcible trespass held insufficient.**

Evidence tending to show rudeness of language or a slight demonstration of force against which ordinary firmness is sufficient protection is insufficient to sustain an action for trespass against the person or possession of plaintiff.

APPEAL by the plaintiff from *Oglesby, J.,* at February Term, 1934, of BURKE. Affirmed.

This was an action for an alleged assault and forcible trespass committed by the defendant against the plaintiff. The plaintiff's evidence tended to show that the defendant went to a house owned by him and in which the plaintiff was living and asked her when she and her husband were going to vacate the house, stating he would give her seven days to move, and accompanied such inquiry and statement with rude and, by innuendo, threatening language, and with "popping his fists"; that all the while the defendant was on the outside and the plaintiff was on the inside of a wire screen door; and that the defendant, when asked to leave the premises, did so immediately. When the plaintiff had introduced her evidence and rested her case, the court, upon motion of the defendant, dismissed the action and entered judgment as of nonsuit.

*Isaac T. Avery and Hatcher & Berry for appellant.*
*Mull & Patton for appellee.*

PER CURIAM. "The act complained of must have been with a strong hand, *'manu forti,'* and this implies the exercise of greater force than is expressed by the words *'vi et armis.'* Rudeness of language, mere words,

or even a slight demonstration of force against which ordinary firmness is a sufficient protection will not constitute the offense." *Anthony v. Protective Union,* 206 N. C., 7 (11), and cases there cited.

. We are of the opinion that the evidence was insufficient to sustain an action for trespass against the person or possession of the plaintiff and, therefore, his Honor was correct in granting the motion for judgment as in case of nonsuit.

Affirmed.