RAMIE E. HENDRIX v. J. L. GUIN, JR.

No. 7826DC886

(Filed 19 June 1979)

1. **Trespass § 7— action for forcible trespass—question of material fact**

The trial court erred in entering summary judgment for defendant landlord in plaintiff's action for forcible trespass where the evidence presented a question of fact as to whether the landlord pulled upon the screen door of plaintiff's apartment with such force so as to tear two hooks securing the door out of the door frame and then came through the screen door upon plaintiff's back porch and beat and banged upon the door to plaintiff's kitchen.

2. **Damages § 12.1; Trespass § 10— punitive damages for forcible trespass—sufficiency of complaint**

Plaintiff's allegations that defendant's conduct constituted "a willful, wanton, malicious, reckless, wrongful, rude and forcible trespass to plaintiff's rightful possession of the apartment," if supported by evidence, would permit the jury to consider an award of punitive damages.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 31 July 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 31 May 1979.

*Ray Rankin, for plaintiff appellant.*

*James, McElroy and Diehl, by William K. Diehl, Jr., and David M. Kern, for defendant appellee.*

VAUGHN, Judge.

Plaintiff filed this action against her former landlord for $2.95 actual damages, $4,950.00 punitive damages and for attorney fees. In her verified complaint, filed 29 November 1977, she alleged forcible trespass and a breach of her right to quiet enjoyment of the leased premises. More particularly, she alleged:

"5. On or about August 9, 1976, defendant telephoned plaintiff to inquire about payment of the August rent. Plaintiff informed defendant that her payment was delayed because of the refrigerator.

6. Promptly after that telephone conversation, on or about August 9, 1976, defendant came to the screen door to the back porch of plaintiff's apartment, which was hooked

with two (upper and lower) screen door hooks. Defendant beat, banged, and yanked upon said screen door with great force and violence, tore the hooks out of the door frame, came through the screened doorway into plaintiff's back porch and there beat and banged upon the glass door to plaintiff's kitchen. Defendant then went to the front door of plaintiff's apartment and beat and banged with all his might upon said front door, and he yelled 'You get the hell out of here.'

7. During the events complained of in paragraph 6 above, plaintiff was an 83 year old widow, inside said apartment and alone, and did not answer the door because of defendant's violence and hostile attitude, and because she was afraid, shocked and upset.

\*      \*      \*

9. Defendant made no effort to repair the damage to the screen door, and plaintiff went to Plaza Hardware Store on Central Avenue, purchased two new screen door hooks for $0.45, and paid $2.50 labor to have those hooks installed on said screen door.

10. Defendant's actions complained of above constitute a willful, wanton, malicious, reckless, wrongful, rude and forcible trespass to plaintiff's rightful possession of the apartment, and a violation of her right to quiet enjoyment of the leased apartment."

Defendant moved for summary judgment, and his motion was supported by his affidavit. In his affidavit, defendant recited a history of almost continuous complaining by plaintiff about other tenants in the building and the condition of plaintiff's refrigerator. According to defendant, there was nothing wrong with the refrigerator but plaintiff, nevertheless, wanted a new one. As it relates to defendant's version of the alleged trespass, his affidavit is as follows:

"I had received rent checks from the other tenants but had not received a check from Mrs. Hendrix. I called her and inquired if there was some oversight on her part and she reported that because she did not have adequate refrigera-

tion she was not going to pay any more rent until I provided her with a new refrigerator and then she hung the phone up. I called her back and suggested that it was necessary to discuss this matter, whereupon she told me she did not have to talk to me and she hung up again. I continued to attempt to call her but got no answer. I then drove to the apartment building, going to the front door and ringing the front doorbell. She refused to answer. I am aware of Mrs. Hendrix being over 70 years of age and perhaps hard of hearing, so I went to her back door, knocked on the door, opened the back screen porch door and knocked on the wooden door to her kitchen, again receiving no response. I then went back to the front door to put a note on her door advising her that if the rent was not paid by the following Friday I would take the necessary action to have her evicted. However, before I could write the note and put it on the door, I heard her in the front portion of the apartment and I informed her verbally of my intentions. I then left the premises and she subsequently made her rent payment. I heard nothing more about the matter until she filed this lawsuit on November 29, 1977, approximately 15 months after mid-August 1976."

Plaintiff's responses to defendant's interrogatories were also made a part of the record. They indicated that plaintiff purchased new screen door hooks and paid to have them installed soon after the day she contends defendant tore the old hooks out of the door frame.

Plaintiff did not respond to defendant's motion by affidavit but did file a response in which she referred to the detailed factual allegations of the verified complaint. The court allowed defendant's motion for summary judgment and dismissed the action.

[1] We conclude that summary judgment was inappropriate in plaintiff's action for trespass. Summary judgment is proper only when the pleadings, depositions, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c), North Carolina Rules of Civil Procedure.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not

rest upon the mere allegations or denials of his pleading, but his response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." Rule 56(e), North Carolina Rules of Civil Procedure. (Emphasis added.)

Here defendant's supporting affidavit is his own sworn statement disputing and explaining the sworn factual allegations of plaintiff's complaint. We conclude that factual issues were thus raised, notwithstanding that plaintiff did not respond with an affidavit (in which she would have probably repeated the factual allegations of the complaint). The court should not resolve issues of credibility on a motion for summary judgment. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). Here the affidavit is by defendant, a witness vitally interested in the result. It related to his own thoughts, motives and conduct, the knowledge of which was largely under his own control. Questions of credibility were thus raised which should not have been resolved in favor of the movant for summary judgment.

[2] A complaint stating a claim for trespass will also present a claim for the recovery of at least nominal damages. *Hutton v. Cook*, 173 N.C. 496, 92 S.E. 355 (1917). Plaintiff also alleges that the conduct of defendant constitutes "a willful, wanton, malicious, reckless, wrongful, rude and forcible trespass to plaintiff's rightful possession of the apartment." These allegations, if supported by evidence to the satisfaction of the jury, would permit the jury to consider an award of punitive damages. *Matthews v. Forrest*, 235 N.C. 281, 69 S.E. 2d 553 (1952); *Binder v. Acceptance Corp.*, 222 N.C. 512, 23 S.E. 2d 894 (1943).

"Forceable trespass is the high-handed invasion of the actual possession of another, he being present and forbidding. When a person enters upon the actual possession of another and by his language or conduct gives the occupant cause to fear that he will inflict bodily harm if the person in possession does not yield, his entry is forceable in contemplation of law, whether he causes such fear by a demonstration of force such as to indicate his purpose to execute his pretensions, or by actual threats to do bodily harm, or by the use of

language which plainly implies a purpose to use force against any who may make resistance." *Anthony v. Protective Union*, 206 N.C. 7, 11, 173 S.E. 6 (1934).

The court has also held, however, that "[r]udeness of language, mere words, or even a slight demonstration of force against which ordinary firmness is a sufficient protection will not constitute the offense." *Anthony v. Protective Union, supra*, at 11.

The summary judgment in favor of defendant is reversed and the case is remanded so that plaintiff can present such proof as she might have to support her allegations as they relate to trespass. Plaintiff's prayer for a judgment for attorney fees is unfounded and should be dismissed.

Reversed.

Judges CLARK and CARLTON concur.