MAINTENANCE EQUIPMENT COMPANY, INC., A NORTH CAROLINA CORPORATION, AND DIXIE RENTAL COMPANY OF CHARLOTTE, INC., A NORTH CAROLINA CORPORATION, PLAINTIFFS v. GODLEY BUILDERS, A NORTH CAROLINA CORPORATION, McWHIRTER GRADING CO., A NORTH CAROLINA CORPORATION AND WILLIAM C. GODLEY, INDIVIDUALLY, DEFENDANTS

No. 9126SC458

(Filed 1 September 1992)

1. **Trespass § 7 (NCI3d) — plaintiff's interest in land — lease — directed verdict properly denied**

The trial court properly denied defendant's motion for a directed verdict in a trespass action where defendant con-

MAINTENANCE EQUIPMENT CO. v. GODLEY BUILDERS

[107 N.C. App. 343 (1992)]

tended that plaintiff merely held a license, but the agreement, although entitled "license agreement," grants plaintiff the right to occupy and use the property, plaintiff paid annual rent and actively utilized the premises for business purposes to the exclusion of everyone else from 1971 until defendants encroached upon the property in 1985, plaintiff complained to defendants when the grading began and showed defendants the agreement and the boundary lines, and the grading continued. A jury could find that plaintiff, by its use and occupancy, was in possession of the subject property it rented from Southern Railway; furthermore, prior decisions recognize that persons who hold the same caliber of possession as plaintiff can maintain actions for interference with their possessory interests.

**Am Jur 2d, Trespass §§ 37, 38.**

2. **Trial § 10.1 (NCI3d) — judge's comments to counsel — cumulative effect — not prejudicial**

The cumulative effect of the trial court's comments to defense counsel, made during the course of a four day trespass trial, was not prejudicial where the comments were intended to keep the trial moving, keep counsel from pursuing certain specific lines of questioning, or were the basis for ruling on the admissibility of evidence.

**Am Jur 2d, Trial § 303.**

3. **Trespass § 1 (NCI3d) — plaintiff's ownership interest — licensing agreement — lawful actual possession**

The trial court did not err in a trespass action by not instructing the jury that plaintiff would not have been in lawful actual possession and could not recover if the licensing agreement under which plaintiff occupied the property failed to describe the property. The evidence showed that plaintiff had been in possession and paying rent for fifteen years; plaintiff showed defendants the licensing agreement and the boundary lines of the property when defendants began grading; there is nothing in the record to indicate the license agreement misled defendants into believing plaintiff was not in possession of the property; and any failure of the written agreement between plaintiff and the landowner would not have

conclusively decided the question of whether plaintiff possessed the subject property.

**Am Jur 2d, Trespass §§ 37, 38.**

**4. Trespass § 8 (NCI3d)— grading—punitive damages—evidence sufficient**

There was sufficient evidence to support an award of punitive damages in a trespass action arising from grading of adjacent property where the jury could find that defendants knew that plaintiff was in possession of the subject property; plaintiff requested defendant to discontinue the grading operations; defendants refused plaintiff's request to "put it back like it was" and pay for damages after the land was graded; and defendant Godley stated that under the same circumstances he would follow the same course of action.

**Am Jur 2d, Trespass § 150.**

**5. Trespass § 8 (NCI3d)— grading—punitive damages— instruction—no error**

The trial court did not err in its instructions on punitive damages in a trespass action arising from grading adjacent property. The court's instructions essentially incorporate defendants' requests and sufficiently include language previously approved by our courts.

**Am Jur 2d, Damages §§ 994, 995.**

**6. Trespass § 8.1 (NCI3d)— grading—special damages— instruction—no error**

The trial court did not err in its instruction on special damages in a trespass action arising from grading adjacent property where there was evidence of a rental value from which the jury could find special damages and the court instructed the jury that plaintiff was entitled to special damages if it was proved by the greater weight of the evidence that such damages did occur and were the proximate result of defendant's wrongful conduct.

**Am Jur 2d, Damages §§ 961, 994, 1016.**

**7. Trespass § 8 (NCI3d)— grading—punitive damages—not excessive**

The trial court did not abuse its discretion by not awarding defendants a new trial in a trespass action arising from

grading by defendants of property adjacent to plaintiff's property where defendant alleged that the punitive damages award was excessive.

**Am Jur 2d, Damages §§ 1027, 1033.**

**Excessiveness or inadequacy of punitive damages in cases not involving personal injury or death. 35 ALR4th 538.**

8. **Trespass § 6 (NCI3d)— grading of adjacent property— documents disclosing permission of landowner-lessor— excluded**
    The trial court did not err in a trespass action by refusing to admit several documents disclosing that defendants had permission from Southern Railway, which owned the property, to perform grading work on land leased by plaintiff. Defendants contended that this evidence was relevant to punitive damages because they could not have willfully, wantonly or recklessly trespassed if they had the landowner's permission. However, the evidence did not show that Southern Railway had the authority to give permission on behalf of plaintiff for defendants to grade or otherwise encroach upon the subject property, and permission given by a third party does not ordinarily lessen the egregious nature of the trespasser's conduct or diminish the harm to the person in actual or constructive possession of the property.

**Am Jur 2d, Trespass §§ 75, 150.**

9. **Trespass § 6 (NCI3d)— grading of adjacent property—lost or damaged personal property—evidence of value**
    The trial court did not err in a trespass action arising from grading adjacent property by allowing plaintiff's witnesses to testify about the value of damaged or lost personal property. Plaintiff's former president and his son, the current president, testified that they had operated the business for a number of years upon the subject property and that they were personally acquainted with each item of property missing after defendants bulldozed dirt onto the premises. This furnished ample foundation upon which to base opinions as to the fair market value of the missing personal property.

**Am Jur 2d, Damages §§ 876, 877, 957.**

MAINTENANCE EQUIPMENT CO. v. GODLEY BUILDERS

[107 N.C. App. 343 (1992)]

APPEAL by defendants Godley Builders and William C. Godley from judgment entered 18 January 1991 by *Judge James U. Downs* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 11 March 1992.

Plaintiffs brought this action to recover damages for trespass. The evidence presented at trial indicates that on 1 March 1971, Maintenance Equipment Company, Inc. (plaintiff) entered into a written license agreement with the Southern Railway Company, whereby Southern Railway granted plaintiff the right to occupy and use a 1,000 foot x 70 foot parcel of land (subject property). Since then plaintiff made annual rental payments of $350 to Southern Railway and used the land for various purposes in connection with its business.

In the early 1980's, William Godley and Godley Builders (defendants) purchased a parcel of land (the Godley property) adjacent to the subject property. Defendants planned to build an office complex on their property. After consulting the Mecklenburg County Building Inspector, it was determined that the existing grade on the western side of the Godley property was too steep and therefore construction would not be allowed. This steep grade formed the boundary between defendants' property and the subject property, and defendants determined that in order to have the required lateral support, they needed to slope the existing grade.

In mid-April, 1985, defendant Godley employed McWhirter Grading Co. (defendant) to bulldoze and grade the western boundary of the Godley property and in doing so dirt was bulldozed onto the subject property: According to defendants, this property was covered with trash and debris and "a total eyesore." Also, defendants have consistently maintained that they had permission from Southern Railway to perform the grading on the subject property. Plaintiffs offered evidence which tended to show that on numerous occasions they requested defendants to discontinue the bulldozing operations because defendants were encroaching upon the subject property, but in spite of these requests, defendants continued the grading. After the grading was completed plaintiff Maintenance Equipment Company was no longer able to use the subject property. In addition, plaintiffs offered evidence that certain items of personal property were either damaged or destroyed by the bulldozing activity.

At the close of plaintiffs' evidence, plaintiffs' claim against defendant McWhirter Grading Company was dismissed. Upon the issues submitted, the jury found that defendants trespassed upon the property in the possession of plaintiff Maintenance Equipment Company and awarded it $4,550 in compensatory damages and $175,000 in punitive damages. However, the jury found defendants did not trespass against plaintiff Dixie Rental Company.

*Cecil Curtis, and Wade and Wade, by J. J. Wade, Jr. and James H. Wade, for plaintiff appellee.*

*Dean & Gibson, by Rodney Dean and Suzanne Baldwin Leitner, for defendant appellants Godley Builders and William C. Godley.*

WALKER, Judge.

At the outset, we note this appeal concerns only plaintiff Maintenance Equipment Company and defendants Godley Builders and William C. Godley since plaintiff Dixie Rental Company did not appeal and the trial court's dismissal of the claim against McWhirter Grading Company was not appealed.

[1] Defendants assign as error the denial of its motion for a directed verdict at the end of plaintiffs' case and at the end of all the evidence. In ruling on the motion the judge must consider the evidence in the light most favorable to the non-moving party and give him the benefit of every reasonable inference to be drawn in his favor. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973). A directed verdict should be granted only where the evidence, construed in the light most favorable to plaintiff, is insufficient to support a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974). In reviewing all the evidence in the light most favorable to plaintiff, we agree the trial court properly allowed the jury to decide the issues of trespass, actual damages and punitive damages.

In order to prevail in a trespass action, plaintiff must show (1) plaintiff was in actual or constructive possession of the property; (2) unauthorized entry by the defendant; and (3) damage to the plaintiff from the trespass. *Kuykendall v. Turner*, 61 N.C.App. 638, 301 S.E.2d 715 (1983). Defendants assert that plaintiff merely held a license, and therefore could not maintain an action for trespass since it was not in actual or constructive possession of the land in question.

MAINTENANCE EQUIPMENT CO. v. GODLEY BUILDERS

[107 N.C. App. 343 (1992)]

While a license gives the holder the right to do certain specific acts on the land, it creates no substantial interest in the land and is usually revocable at will. However, if an agreement grants an interest in or a right to use and occupy the land, it creates an interest which is more than a mere license. *Brinkley v. Day*, 88 N.C.App. 101, 362 S.E.2d 587 (1987). In the present case, although the agreement between plaintiff and Southern Railway is entitled a "license agreement," it grants plaintiff the right to "occupy and use" the subject property. Evidence also disclosed that plaintiff paid annual rent and actively utilized the premises for business purposes (to the exclusion of everyone else) from 1971 until defendants encroached upon the property in 1985. Further, plaintiff complained to defendants when the grading began and showed defendants the license agreement and the boundary lines, but the grading and dumping of dirt continued on the subject property, resulting in certain items of plaintiff's personal property being covered up or otherwise disposed of. We conclude a jury could find plaintiff, by its use and occupancy, was in possession of the subject property it rented from Southern Railway. The jury was therefore entitled to find that defendants trespassed since "[t]he civil action of trespass to land protects the possessory interest in land from unpermitted physical entry." *Majebe v. North Carolina Board of Medical Examiners*, 106 N.C.App. 253, 261, 416 S.E.2d 404, 408 (1992). Furthermore, prior decisions in North Carolina recognize that persons who hold the same caliber of possession as plaintiff can maintain actions for interference with their possessory interests. *Kent v. Humphries*, 303 N.C. 675, 281 S.E.2d 43 (1981); *Lee v. Stewart*, 218 N.C. 287, 10 S.E.2d 804 (1940); *Smith v. Fortiscue*, 48 N.C. 65 (1855); *Hendrix v. Guin*, 42 N.C.App. 36, 255 S.E.2d 604 (1979); *Academy of Dance Arts, Inc. v. Bates*, 1 N.C.App. 333, 161 S.E.2d 762 (1968).

[2] Defendants next contend the trial court made improper comments to defense counsel in the presence of the jury thereby prejudicing defendants' case. In North Carolina, the trial court is not permitted to express his opinion on the facts to be proven. *Brown v. Scism*, 50 N.C.App. 619, 274 S.E.2d 897, *disc. review denied*, 302 N.C. 396, 276 S.E.2d 919 (1981); *Greer v. Whittington*, 251 N.C. 630, 111 S.E.2d 912 (1960). Furthermore, the trial court "must abstain from conduct or language which tends to discredit or prejudice any litigant." *McNeill v. Durham County ABC Board*, 322 N.C. 425, 429, 368 S.E.2d 619, 622, *reh'g denied*, 322 N.C. 838,

371 S.E.2d 278 (1988). If a question exists as to the propriety of the trial court's comments, it must be determined what the cumulative effect such comments had upon the jury. *State v. Frazier*, 278 N.C. 458, 180 S.E.2d 128 (1971); *Russell v. Town of Morehead City*, 90 N.C.App. 675, 370 S.E.2d 56 (1988). In some cases, such as *McNeill v. Durham County ABC Board, supra,* cited by defendants, the cumulative effect of the trial court's comments may warrant a new trial. In *McNeill,* the Supreme Court found the trial judge had made some thirty-seven remarks or commentaries to defense counsel, jurors and witnesses and these remarks were so disparaging in their effect that they prejudiced the defendants' right to a fair and impartial trial. However, not every comment from the bench creates reversible error. The trial court may admonish counsel not to pursue a specific line of questioning, *Brenner v. Little Red School House, Ltd.,* 59 N.C.App. 68, 295 S.E.2d 607 (1982), *disc. review denied,* 307 N.C. 468, 299 S.E.2d 220 (1983), and it may stop examination of a witness if such examination is futile. *Greer v. Whittington, supra.*

Here, we note that several comments cited by defendants were directed to counsel for defendant McWhirter Grading Company. As McWhirter is not involved in this appeal, defendants have failed to show how prejudice resulted from these comments. Our review of the other comments reveals that they were intended to keep the trial moving, to keep counsel from pursuing certain specific lines of questioning, or were the basis for a ruling on the admissibility of evidence. Additionally, before the jury retired, the trial court instructed:

> Members of the Jury, you will not use any of the Court's rulings, conduct or comments during the course of the trial to aid you in the course of finding facts or not finding facts or believing evidence or not believing the evidence. That was not the Court's function. That's not my function and you are not to glean anything from that to assist you in the course of the commission that you are about to embark on.

While we specifically do not approve of several of the trial court's comments, we cannot say the cumulative effect of these comments, which were made in the context of a four day trial, resulted in sufficient prejudice to constitute reversible error.

[3] In their next assignment of error, defendants contend the trial court erred in instructing the jury regarding the significance

MAINTENANCE EQUIPMENT CO. v. GODLEY BUILDERS

[107 N.C. App. 343 (1992)]

of the licensing agreement between plaintiff and Southern Railway. Defendants assert the trial court should have instructed the jury that if it found the licensing agreement failed to describe the property on which plaintiff claimed defendants trespassed, then plaintiff could not recover since it would not have been in "lawful actual possession." Here, the evidence disclosed plaintiff had been in actual possession of the subject property for fifteen years and had been paying rent to Southern Railway throughout this period. Furthermore, when defendants began grading, plaintiffs showed defendants the license agreement and the boundary lines of the subject property. There is nothing in the record to indicate the license agreement misled defendants into believing plaintiff was not in possession of the subject property. Our Supreme Court has recognized that even where a tenant enters into possession under an invalid written lease and pays rent to the landlord, the tenant still has a possessory interest sufficient to maintain a claim for nuisance. *Kent v. Humphries*, 303 N.C. 675, 281 S.E.2d 43 (1981). Since trespass also concerns the tortious interference with a lawful possessor's property interests, we find *Kent v. Humphries, supra* to be instructive. Therefore, the trial court properly denied defendants' requested instruction since any failure of the written agreement between Southern Railway and plaintiff would not have conclusively decided the question of whether plaintiff possessed the subject property.

[4] Defendants further say there was insufficient evidence to support an award of punitive damages. A jury may award punitive damages if the trespass was committed under circumstances of aggravation or resulted from malicious conduct on the part of the defendant. "While punitive damages are not recoverable as a matter of right, sometimes they are justified as additional punishment for intentional acts which are wanton, wilful, and in reckless disregard of a plaintiff's rights." *Woody v. Catawba Valley Broadcasting Co.*, 272 N.C. 459, 463, 158 S.E.2d 578, 582 (1968). In the present case, from evidence produced at trial a jury could find that defendants knew plaintiff was in possession of the subject property; that plaintiff requested defendant to discontinue the grading operations; that after the land was graded, defendants refused plaintiff's request to "put it back like it was" and pay for damages; and that defendant Godley stated under the same circumstances he would follow the same course of action. In viewing all the evidence, we agree with

the trial court that it was sufficient to support an award of punitive damages.

[5] Defendants also contend that the trial court erred by failing to give the following instruction to the jury on punitive damages:

> [T]hat Defendants inflicted an injury to the Plaintiffs in a malicious, wanton, and reckless manner. Defendants' conduct must have been actual, malicious or wanton, displaying a spirit of mischief toward the Plaintiffs.
>
> Both whether to award punitive damages and the amount rests in the sound discretion of the jury. The amount must not be excessively disproportionate to the circumstances of rudeness, insult or indignity present in this case.

The court's instruction on punitive damages included the following:

> Upon a showing of willful or wanton conduct, whether to award punitive damages and within reasonable limits, the amount to be awarded is a matter within your sound discretion.
>
> In deciding whether to award punitive damages and, if so, what amount you will award, you will be guided by the need or the lack of need to punish and make an example of the defendants, given their respective circumstances and the nature of the conduct involved.

In reviewing all of the court's instructions on punitive damages, we find they essentially incorporate defendants' requests and sufficiently include language previously approved by our Courts. Therefore, we conclude the trial court did not err. N.C.P.I., Civil 810.01; *Blackwood v. Cates*, 297 N.C. 163, 254 S.E.2d 7 (1979); *Binder v. General Motors Acceptance Corp.*, 222 N.C. 512, 23 S.E.2d 894 (1943).

[6] Defendants next say the trial court erred in two respects when instructing on special damages. According to defendants there was no evidence of the rental value of the property upon which to base an award of special damages. This argument is without merit since the license agreement, which defendants stipulated was admissible, disclosed an annual rent of $350. We agree with plaintiff that this provided evidence of the rental value from which the jury could award special damages. Defendants further contend the trial court erroneously stated plaintiff was "entitled to special damages" and therefore failed to properly place the burden of

MAINTENANCE EQUIPMENT CO. v. GODLEY BUILDERS

[107 N.C. App. 343 (1992)]

proof upon plaintiff. We find no merit in this argument since the trial court properly instructed "[plaintiff] is also entitled to special damages . . . [i]f it's proved by the greater weight of the evidence that such damages did occur and were the proximate result of the defendant's wrongful conduct . . . ."

Defendants next assert the trial court erred in denying their motion for judgment not withstanding the verdict (JNOV), or in the alternative, their motion for a new trial. A motion for JNOV is essentially a renewal of an earlier motion for a directed verdict; therefore the trial court uses the same standards for evaluating both motions. *Barnes v. Ford Motor Co.*, 95 N.C.App. 367, 382 S.E.2d 842 (1989). As we have already determined the trial court properly denied defendants' motion for a directed verdict, we conclude the trial court did not err by denying the motion for JNOV.

[7] In support of its motion for a new trial pursuant to Rule 59, N.C. Rules of Civil Procedure, defendants contend that the award of punitive damages was clearly excessive as compared to the amount of compensatory damages. Under Rule 59 a new trial may be granted if there exists "excessive damages . . . appearing to have been given under the influence of passion or prejudice." However, the trial court's discretionary denial of a new trial may be reversed only if a manifest abuse of discretion is shown. In *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982), it was said:

It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge.

The Court also said:

Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case.

*Id.* at 487, 290 S.E.2d at 605. Therefore, the presiding judge here had the superior advantage to make the best determination of

what justice required in this case. Since punitive damages are awarded above and beyond actual damages and intended to punish, the jury is allowed to consider the circumstances of defendants' conduct and financial position when setting the award. *Carawan v. Tate*, 53 N.C.App. 161, 280 S.E.2d 528 (1981), *modified and aff'd*, 304 N.C. 696, 286 S.E.2d 99 (1982). In regard to the amount of punitive damages awarded, this "rests in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in the case." *Id.* at 165, 280 S.E.2d at 531. The jury's discretion in awarding punitive damages must be exercised "within reasonable constraints" in order to satisfy due process. *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. ---, 113 L.Ed.2d 1 (1991). The trial court did not abuse its discretion in denying defendants' motion for a new trial.

[8] In their next assignment of error, defendants contend the trial court erred by refusing to admit several documents disclosing defendants had permission from Southern Railway to perform the grading work. According to defendants, this evidence was relevant to the issue of punitive damages because if defendants had the landowner's permission to perform the grading, then they could not have willfully, wantonly or recklessly trespassed. However, defendants' argument is misdirected. The court allowed into evidence defendants' exhibits 98, 99 and 100, less an excised portion of exhibit 100, concerning a reference to a conversation between defendant Godley and C. L. Oliver of Southern Railway. While these documents clearly established that Southern Railway had no objection to defendants grading the subject property, neither this evidence nor defendants' exhibits 96 and 97, which were excluded, show that Southern Railway had the authority to give permission on behalf of plaintiff for defendants to grade and otherwise encroach upon the subject property. The consent of the landlord will not relieve a wrongdoer from liability for trespass. *See Weinman v. De Palma*, 232 U.S. 571, 58 L.Ed. 733 (1914). The tenant has a right to possess the premises and can therefore maintain an action for trespass, irrespective of the landlord's consent. *See Hendrix v. Guin*, 42 N.C.App. 36, 255 S.E.2d 604 (1979). As discussed previously, the license agreement between plaintiff and Southern Railway allowed the jury to conclude plaintiff was in either actual or constructive possession of the land. Therefore, the fact that plaintiff's landlord, Southern Railway, consented to the grading had no bear-

ing upon the question of whether or not defendants trespassed against plaintiff.

We also note defendants were not prejudiced by exclusion of these documents in relation to plaintiff's claim for punitive damages. Permission of the landowner is not determinative upon the question of punitive damages to be awarded a tenant. In awarding punitive damages for trespass, the focus is upon the egregious nature of the wrong committed against the party in actual or constructive possession of the premises. *Hendrix v. Guin, supra.* Permission given by a third party does not ordinarily lesson the egregious nature of the trespasser's conduct or diminish the harm to the person in actual or constructive possession of the property. *See Lee v. Stewart,* 218 N.C. 287, 10 S.E.2d 804 (1940); *see also Huling v. Henderson,* 161 Pa. 553, 29 A. 276 (1894).

[9] In their final assignment of error, defendants contend the trial court erred in allowing plaintiff to offer evidence that was irrelevant and inadmissible hearsay. Specifically, defendants complain that plaintiff's witnesses should not have been permitted to testify as to the value of personal property claimed to be either lost or damaged by defendants' grading. "[A] non-expert witness who has knowledge of value gained from experience, information, and observation may give his opinion of the value of personal property." *Williams v. Hyatt Chrysler-Plymouth, Inc.,* 48 N.C.App. 308, 317, 269 S.E.2d 184, 190, *disc. review denied,* 301 N.C. 406, 273 S.E.2d 451 (1980). In the present case plaintiff's former president, E. D. Keaton, and his son, Danny, who was president at the time of trial, testified they had operated the business for a number of years upon the subject property. They further testified they were personally acquainted with each item of property missing after defendants bulldozed dirt onto the premises. This testimony furnished ample foundation upon which to base the opinions of these witnesses as to the fair market value of the missing personal property. Therefore, the trial court did not err in admitting this testimony. We have carefully examined each of defendants' other contentions and they are overruled.

No error.

Chief Judge HEDRICK and Judge ORR concur.