D. E. MUNIE AND WIFE, PATRICIA A. MUNIE v. TANGLE OAKS CORPORATION, A NORTH CAROLINA CORPORATION, AND WATERWAY PROPERTIES, A NORTH CAROLINA GENERAL PARTNERSHIP

No. 915SC1268

(Filed 16 March 1993)

1. **Rules of Civil Procedure § 15.2 (NCI3d)— complaint raising rescission and fraud—tried on breach of contract—consent**

    A breach of contract issue was properly tried with the consent of defendants where plaintiffs' complaint only raised issues of rescission and fraud, plaintiffs shifted to a theory of breach of contract in preparation for trial, and defendants did not specifically object to the breach of contract evidence on the grounds that it wasn't pertinent to an issue raised in the pleadings but did object to evidence on unfair and deceptive trade practices for that reason. Furthermore, failure to amend the pleadings to conform to the issues at trial does not affect the result of the trial of these issues.

    **Am Jur 2d, Trial § 1930.**

2. **Appeal and Error § 111 (NCI4th)— denial of motion to dismiss—denial of motion for summary judgment—appealability after trial**

    It is improper to appeal the denial of a motion to dismiss or the denial of a motion for summary judgment if there has been a trial on the merits.

    **Appeal and Error §§ 105 et seq.**

3. **Limitations, Repose, and Laches § 55 (NCI4th)— contract action — statute of limitations — motion for directed verdict properly denied**

The trial court properly denied defendants' motion for a directed verdict based on the statute of limitations where plaintiffs filed an action raising fraud and rescission in the sale of a townhouse and boat slip, the action was eventually tried on breach of contract issues, defendants allege that the breach occurred on the date of the closing, when plaintiffs were informed that they would not actually own the boat slip, and plaintiffs claim that the breach of contract occurred in January of 1986, when they discovered that the boat slip was difficult to access and not constructed according to plans agreed upon in January 1985. Although plaintiffs and defendants entered into the original contract in 1982, they had reached a new agreement, or a modification of their original agreement, in January 1985 concerning the construction of the boat slip. Plaintiff husband discovered the discrepancies in January of 1986 and filed the complaint in June 1988, well within the three year period beginning in January 1986.

**Am Jur 2d, Limitation of Actions §§ 92, 126.**

4. **Rules of Civil Procedure § 50.4 (NCI3d)— motion for JNOV — grounds not raised in motion for directed verdict**

The trial court properly denied defendants' motion for JNOV where defendants argued both the statute of limitations and insufficiency of evidence even though only the statute of limitations was previously raised on the directed verdict motion. A movant cannot assert grounds on a motion for JNOV that were not previously raised in the directed verdict motion, and the statute of limitations had not run.

**Am Jur 2d, Pleading § 62.**

5. **Rules of Civil Procedure § 59 (NCI3d)— sale of townhouse and boat slip — breach of contract — damages — new trial**

The trial court abused its discretion by remitting a jury award only to $60,000 in an action arising from the sale of a townhouse and boat slip where the jury returned an award of $125,000, evidence at trial indicated that the boat slip would have been worth $60,000 if constructed according to the plans, plaintiff husband testified that the difference in value between

MUNIE v. TANGLE OAKS CORP.

[109 N.C. App. 336 (1993)]

the boat slip as promised and the boat slip as it existed was $45,000, there was no evidence of the value of the boat slip as it now exists, and plaintiff testified on cross-examination that his boat was in the slip at the time of trial and that he was able to get the boat in and out.

**Am Jur 2d, Appeal and Error § 939.**

Appeal by defendants from judgment entered 1 July 1991, *nunc pro tunc* for 12 June 1991, by Judge William H. Helms in New Hanover County Superior Court. Heard in the Court of Appeals 2 December 1992.

*Shipman & Lea, by Gary K. Shipman and Joel R. Rhine, for plaintiffs-appellees.*

*Pennington & Wicks, by Robin S. Wicks, for defendants-appellants.*

LEWIS, Judge.

On 23 May 1988 plaintiffs filed a complaint against defendant Tangle Oaks Corporation (hereinafter "Tangle Oaks"), and its successor, defendant Waterway Properties (hereinafter "Waterway"). Plaintiffs claimed rescission of a contract entered into on 22 November 1982 for the sale of a townhouse and accompanying boat slip at the Tangle Oaks Club Marina. They alleged that the boat slip was not constructed according to specifications and that it did not accommodate their boat. Plaintiffs requested cancellation of the deed and refund of the purchase price plus interest from the closing date along with incidental expenses. They also claimed punitive damages due to defendants' allegedly fraudulent representation that plaintiffs would actually own the boat slip. On 8 June 1988, plaintiffs filed a voluntary dismissal without prejudice, and then filed a second complaint identical to the first except that it included the entire Agreement of Sale as an exhibit.

On 1 September 1988 the court denied Tangle Oaks' motion to dismiss under Rule 12(b)(6) and Waterway's motion to dismiss on the grounds that it was not a necessary and proper party. Defendants filed a joint answer on 16 September 1988, asking that the complaint be dismissed for failure to state a claim and asserting the statute of limitations as an affirmative defense. Defendants also alleged that plaintiffs had failed to join the Tangle Oaks Yacht

Club (hereinafter "the Yacht Club") as a necessary party. The Yacht Club is the Homeowners' Association with jurisdiction over the boat slip. Defendants admitted in their answer that they had agreed to the sale of a townhouse and boat slip, and acknowledged the payment of an extra $8,000 for the slip. The court denied defendants' motions for summary judgment on 14 March 1990.

At a trial concerning breach of contract issues, the jury found that Waterway had assumed the obligation of Tangle Oaks to plaintiffs, and that Waterway had breached the contract with plaintiffs by failing to build the boat slip according to the agreed plans. The jury awarded plaintiffs $125,000 in damages. The trial court denied defendants' motions for judgment notwithstanding the verdict (hereinafter "JNOV") and for a new trial under Rule 59. On its own motion, however, and with the consent of plaintiffs, the trial court entered remittance, reducing the amount awarded to $60,000. Defendants appealed.

[1]  We note that the complaint only raised issues of rescission and fraud. However, plaintiffs shifted to a theory of breach of contract in preparation for trial. In their brief plaintiffs contend that the breach of contract action was tried by consent, referring to Rule 15(b) of the North Carolina Rules of Civil Procedure. According to this rule, "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C.G.S. § 1A-1, Rule 15(b) (1990). Plaintiffs emphasize that defendants did not specifically object to the breach of contract evidence on the grounds that it wasn't pertinent to an issue raised in the pleadings, whereas defendants did object to evidence on unfair and deceptive trade practices for that reason. *See id.* Furthermore, failure to amend the pleadings to conform to the issues at trial "does not affect the result of the trial of these issues." *Id.* We agree with plaintiffs that the breach of contract issue was properly tried with the consent of defendants.

In their brief defendants argue that plaintiffs' claim for fraud due to defendants' failure to convey ownership of the boat slip was barred by the statute of limitations. This issue is now immaterial because the judge only submitted contract issues to the jury and the plaintiffs were only awarded damages for breach of contract. We find it unnecessary to address this claim.

MUNIE v. TANGLE OAKS CORP.

[109 N.C. App. 336 (1993)]

The evidence indicates that plaintiffs were looking for a place to retire that could accommodate their large sailboat. On 19 November 1982, plaintiffs sent a letter to Tangle Oaks, and the Tangle Oaks Club Marina, with a $10,000 deposit to reserve a unit, and an additional $8,000 for alterations to the harbor for their boat. The Agreement of Sale (hereinafter "the Agreement"), dated 22 November 1982, states that the "[p]urchase price [will] include boat slip to accommodate Purchaser's boat. . . ." The Agreement further provides that amenities such as the boat slip would be completed within 24 months after closing on the property.

Plaintiffs arrived at their new home in April 1984, at which time the boat slip was not constructed. In January 1985 plaintiffs agreed to a modification of the plans which would give them a 60-foot slip. However, when the slip was finally completed in January 1986, plaintiffs discovered that access was tight and experienced difficulties moving their boat in and out. Plaintiffs point out that the marina was not actually built according to the dimensions set forth in the plans. Specifically, defendants moved the western-most T-dock 9 inches westward, thereby causing access to the slip to be difficult and dangerous. Plaintiffs allege that they would not be able to enter their slip at all if a 35-foot boat was docked across from them. Plaintiffs also claim that they cannot access the slip in either a strong wind or an active current. For these reasons, plaintiffs contend the marina does not accommodate their boat. Defendants emphasize that plaintiffs can and do get their boat in and out of the slip.

On appeal defendants challenge the denial of their Rule 12(b)(6) motion to dismiss, the denial of their Rule 56 motion for summary judgment, the denial of their Rule 50 motions for directed verdict and JNOV, and the denial of their Rule 59 motions for new trial. Defendants also allege the trial court erred in signing and entering judgment on the grounds that error of law appears on the face of the record, the evidence does not support the facts, and the facts found do not support the judgment.

---

[2] It is improper to appeal the denial of a motion to dismiss or the denial of a motion for summary judgment if there has been a trial on the merits. *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985) (summary judgment); *Berrier v. Thrift*, 107 N.C. App. 356, 359, 420 S.E.2d 206, 208 (1992), *disc. rev. denied,*

333 N.C. 254, 424 S.E.2d 918 (1993) (motion to dismiss). Thus, these issues are not properly before this Court. We will address the Rule 50 motions for directed verdict and JNOV, and the Rule 59 motions for a new trial.

[3] A motion for directed verdict tests the legal sufficiency of the evidence to go to the jury. *Goodwin v. Investors Life Ins. Co. of North America*, 332 N.C. 326, 329, 419 S.E.2d 766, 767 (1992); N.C.G.S. § 1A-1, Rule 50(a) (1990). The evidence must be viewed in the light most favorable to the non-movant. *Maintenance Equipment Co. v. Godley Builders*, 107 N.C. App. 343, 348, 420 S.E.2d 199, 201 (1992). A directed verdict is appropriate if the defendant establishes an affirmative defense as a matter of law and there are no issues to submit to the jury. *Goodwin*, 332 N.C. at 329, 419 S.E.2d at 767-68. Appellate review of a motion for directed verdict is limited to those grounds asserted before the trial judge. *Warren v. Canal Indus., Inc.*, 61 N.C. App. 211, 213, 300 S.E.2d 557, 559 (1983). A specific ground not stated in the motion, including a challenge to the sufficiency of the evidence, cannot be raised for the first time on appeal. *Lee v. Keck*, 68 N.C. App. 320, 328, 315 S.E.2d 323, 329, *disc. rev. denied*, 311 N.C. 401, 319 S.E.2d 271 (1984).

On their motion for directed verdict, defendants argued the statute of limitations had run on plaintiffs' contract action by the time they filed their complaint. N.C.G.S. section 1-52(1) sets forth a 3-year statute of limitations for contract actions, which accrue at the time of the breach giving rise to the cause of action. N.C.G.S. § 1-52(1) (Cum. Supp. 1992). Defendants, proceeding on the fraud theory originally plead by plaintiffs, allege that the breach occurred on the date of closing, 18 May 1983, when plaintiffs were informed that they would not actually own the boat slip but would only have the right to use it. Plaintiffs, on the other hand, claim that the breach of contract occurred in January 1986, when they discovered the boat slip was difficult to access and not constructed according to the plans agreed upon in January 1985.

We agree with plaintiffs that a breach of contract occurred in January 1986. Although plaintiffs and defendants entered into the original contract in 1982, they had reached a new agreement, or a modification of their original agreement, in January 1985 concerning the construction of the boat slip. Plaintiff husband testified he thought they had reached an "acceptable solution" at that point.

He discovered the discrepancies in January 1986, and filed the complaint in June 1988, well within the three year period beginning in January 1986. Thus, the statute of limitations had not run and the trial court correctly denied the motion for directed verdict.

[4]   A motion for JNOV is treated as a renewal of the motion for directed verdict. *Maintenance*, 107 N.C. App. at 353, 420 S.E.2d at 204; § 1A-1, Rule 50(b)(1) (1990). A movant cannot assert grounds on a motion for JNOV that were not previously raised in the directed verdict motion. *Carter v. Parsons*, 61 N.C. App. 412, 418, 301 S.E.2d 405, 409 (1983). Although defendants argue both the statute of limitations and insufficiency of the evidence as grounds for JNOV, only the statute of limitations argument was previously raised on the directed verdict motion. Defendants' JNOV arguments are therefore limited to the statute of limitations. The standard for testing the sufficiency of the evidence under a motion for JNOV is the same as that used in directed verdict motions. *Allen v. Pullen*, 82 N.C. App. 61, 64, 345 S.E.2d 469, 472 (1986), *disc. rev. denied*, 318 N.C. 691, 351 S.E.2d 738 (1987). For the reasons stated upholding the denial of the motion for directed verdict, we find the trial court properly denied the motion for JNOV.

[5]   Defendants assert the trial court erred in several respects in denying their motion for a new trial. They argue a new trial is warranted on five of the grounds listed in Rule 59:

(5) Manifest disregard by the jury of the instructions of the court;

(6) Excessive . . . damages appearing to have been given under the influence of passion or prejudice;

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;

(8) Error in law occurring at the trial and objected to by the party making the motion, or

(9) Any other reason heretofore recognized as grounds for new trial.

N.C.G.S. § 1A-1, Rule 59(a)(5)-(9) (1990). The decision to grant or deny a new trial is within the discretion of the trial court, and may not be reviewed on appeal absent a manifest abuse of discretion. *Blow v. Shaughnessy*, 88 N.C. App. 484, 493-94, 364 S.E.2d

444, 449 (1988). For the reasons stated below, we find the trial judge abused his discretion.

When the jury returned its award of $125,000, the trial court acknowledged the unreasonableness of the jury's verdict. Thus, with the plaintiffs' consent, the court reduced the award to $60,000. Defendants contend, however, that even the judgment entered constitutes excessive damages, and that the evidence was insufficient to justify the award. See § 1A-1, Rule 59(a)(6)-(7).

Plaintiffs were entitled to damages based on the jury's finding of breach of contract. The trial judge properly instructed the jury that a party is "entitled to be placed . . . in the same position he would have occupied if the contract had been performed." See Coble v. Richardson Corp. of Greensboro, 71 N.C. App. 511, 517, 322 S.E.2d 817, 822 (1984) (injured party should be placed in position he would have occupied absent breach). The judge further instructed that plaintiffs would be entitled to the difference between the value of the boat slip as promised, and the value of the boat slip received. See Mason v. Yontz, 102 N.C. App. 817, 819, 403 S.E.2d 536, 538 (1991) (proper measure of damages for breach of contract to build pool included difference between value of pool as contracted for and value as actually built).

Evidence presented at trial indicated the boat slip would have been worth $60,000 if constructed according to the plans. Plaintiff husband testified that the difference in value between the boat slip as promised and the boat slip as it existed was $45,000. Plaintiff said he reached this result by comparing the price for a 60-foot slip, $60,000, with that of a 35-foot slip, $15,000. There was no evidence, however, of the value of plaintiffs' 60-foot boat slip as it now exists. Plaintiff testified on cross-examination that his boat was in the slip at the time of trial and that he was able to get the boat in and out.

We cannot see how the evidence supports a judgment of $60,000 for plaintiffs. An award for the full value of a 60-foot boat slip would be appropriate if the existing boat slip had no value at all. Plaintiff husband testified, however, that they are presently able to use their boat slip. Plaintiffs were entitled to damages resulting from the difficulties they experience in using the slip. The trial court was correct in concluding that the jury's award of $125,000 was excessive. Upon hearing the jury's verdict, the trial judge remarked that "the maximum amount of damages that

could have been available under the evidence presented was $45,000." However, the judge only remitted the award to $60,000, which we believe is still excessive under the evidence presented and constituted a manifest abuse of discretion.

Because we find error we must remand this case for a new trial on the issue of damages. With consent, further remittitur could be ordered to conform the award to the evidence. We need not address defendants' remaining arguments.

Affirmed in part, reversed in part, and remanded for a partial new trial on the issue of damages.

Judges WELLS and EAGLES concur.